**Raymond H. SIMMONS, Plaintiff,**

v.

**AL SMITH BUICK CO., INC., Defendant.**

No. 93–238–CIV–5–BR.

United States District Court,
E.D. North Carolina,
Raleigh Division.

Dec. 22, 1993.

Christa A. McGill, McGill & Noble, Durham, NC, for plaintiff.

Frank P. Ward, Jr., Gretchen W. Ewalt, Maupin, Taylor, Ellis & Adams, Raleigh, NC, for defendant.

### ORDER

BRITT, District Judge.

This case is before the court on defendant's Motion to Dismiss or in the alternative, for Summary Judgment and Motion to Strike. Both motions have been fully briefed and are now ripe for decision.

## I. FACTS

Plaintiff was employed by defendant as a body shop appraiser until 4 October 1991 when he was terminated. Plaintiff claims that he was terminated because of his age, 62. Defendant maintains that plaintiff was terminated because defendant was losing money in the operation of its body shop and was forced to cut back on the number of employees.

On 25 November 1991 plaintiff filed an age discrimination charge with the Equal Employment Opportunity Commission (EEOC). On 17 June 1992 the EEOC issued a determination that defendant had not violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* On 23 April 1993 plaintiff filed this action claiming violations of the ADEA and the North Carolina common law of wrongful discharge.

Defendant claims plaintiff filed this lawsuit outside of the statute of limitations established in § 115 of the Civil Rights Act of 1991 (CRA). P.L. 102–166, 105 Stat. 1079, codified at 29 U.S.C. § 626(e). This statute became effective 21 November 1991, four days before plaintiff filed his complaint with the EEOC, and states that a plaintiff may bring a civil action within 90 days of notice of dismissal of the case by the EEOC. Plaintiff and defendant agree that plaintiff's suit was not filed within 90 days of the EEOC's 17 June 1992 dismissal letter; however, plaintiff maintains that the 90–day time limit is not the only applicable statute of limitations. Plaintiff asserts that pursuant to 29 U.S.C. §§ 626, 216 and 215, he had two years from the time of the alleged discriminatory act within which to file charges. Therefore, the issue before the court is whether plaintiff's case is governed solely by the 90–day limit established in the CRA or if the limitation is to be read in conjunction with the previously existing two year limitation.

## II. DISCUSSION

A. Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment

■ Because documents other than the pleadings must be considered in deciding the issue, the court will treat defendant's motion as one for Summary Judgment. Summary judgment is only appropriate where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. In the case at bar, the movant is not entitled to judgment as a matter of law because plaintiff's suit is not governed solely by the 90–day time limit of § 215. This is made clear by an examination of the plain language of the statute as well as its legislative history.

The amended version of 29 U.S.C. § 626(e) states:

> If a charge filed with the Commission under this chapter is dismissed or the proceedings of the Commission are otherwise terminated by the Commission, the Commission shall notify the person aggrieved. A civil action **may** be brought under this section by a person defined in section 630(a) of this title against the respondent named in the charge within 90 days after the date of the receipt of such notice.

(emphasis added). By use of the word "may", the language of the statute indicates that it was not intended to require that a claimant file suit within 90 days after receipt of the notice of termination of proceedings by the Commission or be thereafter barred from filing.

Further, a close examination of the language of the statutes establishing the limitation periods for filing Fair Labor Standards Act (FLSA) and ADEA claims indicates that these periods still apply, regardless of the enactment of the Civil Rights Act of 1991. Title 29 U.S.C. § 626(b) provides that the ADEA is "enforced in accordance with the powers, remedies, and procedures provided" in §§ 216 and 217 of the FLSA. Section 216 of the FLSA further states that the statute of limitations for suits brought under the FLSA is included in the Portal to Portal Act, 29 U.S.C. § 255. Section 255(a) provides, in pertinent part: "... every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a

willful violation may be commenced within three years after the cause of action accrued...."[1]

The legislative history surrounding § 115 of the CRA also indicates that the 90–day time limit was not intended to be the only limitation in ADEA cases. House Report 102–40(I) explains that the purpose of § 215 is to correct certain problems that existed under the prior statutory scheme. One such problem centers on the fact that, prior to § 215, the EEOC had no obligation to inform claimants of their "right to sue." A second problem under the former statute was that ADEA claimants were required to commence their litigation within two or three years of the discriminatory act, regardless of whether the EEOC had made an administrative determination concerning their charges. The report from the House of Representatives explains that these problems resulted in "many age discrimination victims los[ing] their rights to go to court, because they were unaware of the ADEA's time limitations for filing a lawsuit, and received no notice from the EEOC that they could—in fact, must—file suit by certain dates." H.R.Rep. No. 40(I), 102nd Cong., 1st Sess. 96 (1991), *reprinted in* 1991 U.S.C.C.A.N. 549, 634. The report continues: "[t]his section also adds a new provision to the ADEA, which imposes an explicit obligation on the EEOC to notify complainants, after the EEOC has dismissed their charges, that the agency's action triggers a 90–day limitations period ..." *Id.* at 97, *reprinted in* 1991 U.S.C.C.A.N. at 635. Thus, the report from the House of Representatives makes it clear that the purpose of the establishment of the 90–day limitation was to solve the aforementioned problems by eliminating the practice of calculating the absolute time limits of 29 U.S.C. § 255 without reference to EEOC proceedings.

The legislative history does not indicate that the purpose of § 215 was to reduce the amount of time in which ADEA claimants have to file their suits. In fact, it suggests that § 215 was passed to help ADEA claim-ants file timely suits by requiring the EEOC to specifically inform claimants of administrative actions concerning their charges. Thus, to read § 215 as requiring the dismissal of an action brought within the two-year statute of limitations would directly oppose the purpose of the amendment. Further, a dismissal on those grounds would contravene the policy of the ADEA as a whole, as it is to be liberally interpreted to accomplish its stated purpose of ending age discrimination in employment. *See, e.g. Dartt v. Shell Oil Co.,* 539 F.2d 1256, 1260 (10th Cir.), *aff'd* 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977).

## B. Defendant's Motion to Strike

On 15 September 1993 plaintiff filed a memorandum in response to defendant's reply. Defendant then filed a Motion to Strike this memorandum. The local rules of the Eastern District of North Carolina do not authorize the filing of a response to a reply. Local Rule 4 (E.D.N.C.). As such, plaintiff's memorandum in response to defendant's reply should be struck pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

## III. CONCLUSION

For the reasons stated above, defendant's Motion for Summary Judgment is DENIED and defendant's Motion to Strike is ALLOWED.

---

1. The amended version of 29 U.S.C. § 626 does not contain an express reference to 29 U.S.C. § 255; however, it does refer to the enforcement provisions of the FLSA, thereby incorporating the two-year statute of limitations into the amended statutes. Plaintiff is not alleging defendant willfully violated the ADEA; therefore, the three-year statute of limitations is not at issue and will not be discussed.