**Helen McCRAY, Plaintiff,**

v.

**CORRY MANUFACTURING COMPANY, Defendant.**

**Civ. A. No. 94–3 Erie.**

United States District Court, W.D. Pennsylvania.

Dec. 2, 1994.

Christine Fuhrman Konzel, Schroeck & Segel, Erie, PA, for plaintiff.

Roger H. Taft, MacDonald, Illig, Jones & Britton, Erie, PA, for defendant.

## MEMORANDUM OPINION
## AND ORDER

McLAUGHLIN, District Judge.

Pending before the Court is the Motion for Summary Judgment of Defendant, Corry Manufacturing Company. Plaintiff, Helen McCray, initiated the present action on January 3, 1994, alleging that Defendant discriminated against her under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* Jurisdiction is based upon 28 U.S.C. § 1331.

## I. *BACKGROUND*

On October 29, 1992, Plaintiff commenced an administrative proceeding against Defendant by filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). In the charge, Plaintiff alleged discrimination on the basis of age with respect to the termination of her employment at Corry Manufacturing Company on January 9, 1992. (Complaint, ¶ 23; Amended Affidavit ("Amend.Aff.") of Taft, ¶ 4 and Ex. C.)

After conducting an administrative investigation of the matter, the EEOC issued a determination letter on August 31, 1993, concluding that there was no reasonable cause to believe that Defendant had violated ADEA. (Complaint, ¶ 24; Amend.Aff. of Taft, ¶ 5 and Ex. D.) The EEOC's letter contained the following directive:

> This determination concludes the processing of the subject charge. The Charging Party may pursue this matter by filing a private suit against the Respondent as set forth in the enclosed Information Sheet. (Amend.Aff. of Taft, ¶ 5 and Ex.D at p. 2).

Included with the determination letter was a notice from the EEOC entitled "Filing Suit in Federal District Court," which advised Plaintiff that she had ninety days within which to commence a civil action under

ADEA. (Complaint, ¶ 24; Amend.Aff. of Taft, ¶ 5 and Ex. D.) This notice provided in relevant part:

### FILING SUIT IN FEDERAL DISTRICT COURT

*This determination becomes effective upon receipt.* Some or all of Charging Party's allegations of illegal employment discrimination have been dismissed. *If Charging Party wishes to pursue this matter(s), Charging Party must file a private lawsuit against the respondent named in the charge in U.S. District Court under the applicable statute(s), as set forth below. The determination letter and this notice will be the only notice of the Charging Party's right to sue by the Commission.*

\* \* \* \* \* \*

*PRIVATE SUIT RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED (TITLE VII), THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 (ADEA), and THE AMERICAN WITH DISABILITIES ACT OF 1990 (ADA).*

ADEA charges with a date of alleged violation of November 21, 1991 or later, all Title VII charges, and all ADA charges: Charging Party has 90 days from the effective date of this determination to file suit in court. Once this 90 day period is over, Charging Party's right to sue will be lost. (Emphasis in original.)

On September 27, 1993, Plaintiff filed a written request with the EEOC seeking reconsideration of the determination. (Complaint, ¶ 25; Amend.Aff. of Taft, ¶ 6 and Ex. E.) Plaintiff was notified by the EEOC in a letter dated October 7, 1993 that her request for reconsideration was denied and that she had the right to file a lawsuit in federal court within ninety days of her receipt of the determination dated August 31, 1993. (Complaint, ¶ 26; Amend.Aff. of Taft, ¶ 7 and Ex. F.) This Notice of Denial specifically provided:

If you wish to continue to pursue your allegations, you have the right to file a civil law suit in the appropriate U.S. District Court *in accordance with the instructions which were included in your original letter of determination.* (Emphasis added.)

As noted above, Plaintiff filed her Complaint on January 3, 1994, 125 days after the EEOC's August 31, 1993 determination letter. Defendant contends that summary judgment is appropriate based upon Plaintiff's failure to file her Complaint within ninety days after receipt of the EEOC's original determination letter and right-to-sue notice.

## II. STANDARD OF REVIEW

■ Entry of summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R.CIV.P. 56(c). A dispute regarding a material fact is "genuine" if the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

■ The moving party, of course, has the initial burden of demonstrating that no genuine issue of material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Thereafter, the burden shifts to the non-moving party to demonstrate that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553; FED.R.CIV.P. 56(e). All inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

The Court finds that Defendant has demonstrated that no genuine issue of material fact exists. The issue properly before the Court, therefore, is purely one of law—namely, whether Plaintiff's failure to file her Complaint within ninety days of the August 31, 1993 determination renders her claim time-barred under 29 U.S.C. § 626(e).

## III. DISCUSSION

The relevant statute of limitations for ADEA actions is set forth in 29 U.S.C. § 626(e) which provides:

... If a charge filed with the Commission under this chapter is dismissed or the proceedings of the Commission are otherwise terminated by the Commission, the Commission shall notify the person aggrieved. A civil action may be brought under this section by a person defined in section 630(a) of this title against the respondent named in the charge within 90 days after the date of the receipt of such notice.

The parties here do not dispute the fact that Plaintiff filed her civil action more than ninety days after the EEOC's August 31, 1993 determination.

Nevertheless, in her brief in opposition to Defendant's motion for summary judgment on Behalf of Defendant ("Br. in Opp."), Plaintiff asserts three arguments as to why this action should not be considered untimely. The Court will address each of these arguments in the same order in which they have been presented.

Initially, Plaintiff contends that her action is timely because it was filed within ninety days of the EEOC's October 7, 1993 decision denying reconsideration of the administrative charge. Plaintiff cites *Donaldson v. Tennessee Valley Auth.*, 759 F.2d 535 (6th Cir.1985) and *Nordell v. Heckler*, 749 F.2d 47 (D.C.Cir. 1984) as authority for her assertion that "[a] request for reconsideration of an EEOC decision if filed within the time for bringing suit renders the initial [EEOC] decision no longer a final action and extends the deadline for filing suit until *after* the final disposition of the request for reconsideration." (Plaintiff's Br. in Opp., p. 4.) These two cases fail, however, to demonstrate support for the proposition that the ninety day period should be computed from the date of the EEOC's denial of Plaintiff's request for reconsideration.

Both *Donaldson* and *Nordell* involved claims brought under special provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, which required a civil action to be commenced "[w]ithin thirty [now ninety] days of receipt of notice of *final action* taken by a department, agency or unit ..." 42 U.S.C. § 2000e–16(c) (emphasis added). *Donaldson* and *Nordell* addressed the very limited issue of the meaning of "final action" within the context of this statute governing appeals of federal employees. Accordingly, these decisions are not dispositive of the present case, which involves a non-government employee's claim against a private employer under ADEA.

■ In addition, the Court finds it significant that Plaintiff was specifically informed in the EEOC's October 7, 1993 notice denying her request for reconsideration that if she desired to file a lawsuit in the United States District Court, it would have to be "in accordance with the instructions which were included in your original [August 31, 1993] letter of determination." (Affidavit of Taft, ¶ 7 and Ex. F.) Consequently, the Court finds that Plaintiff's request for reconsideration did not serve to extend the running of the ninety-day period for filing suit under ADEA.

Plaintiff's second argument is that "a clear majority of cases involving appellate review of administrative decisions hold that where the applicable statute and regulations are silent, the filing of a motion for reconsideration suspends the time for initiating court proceedings." (Plaintiff's Br. in Opp., p. 5.) Plaintiff reasons that, since the EEOC procedural regulations governing ADEA contain no provisions relating to reconsideration of an EEOC decision, the foregoing rule applies and the ninety-day filing period was suspended by Plaintiff's filing her request for reconsideration. Plaintiff relies upon *C.O.D.E., Inc. v. I.C.C.*, 768 F.2d 1210 (10th Cir.1985), *Brotherhood of Locomotive Eng'rs v. I.C.C.*, 761 F.2d 714 (D.C.Cir.1985), and *Virgin Islands Conserv. Soc'y, Inc. v. Virgin Island Bd. of Land Use Appeals*, 881 F.2d 28 (3d Cir.1989), in support of this position.

Here again, however, the cases cited by Plaintiff do not involve claims under ADEA and therefore do not implicate the ninety-day limitation period contained in 29 U.S.C. § 626(e). More specifically, *C.O.D.E., Inc.* and *Brotherhood of Locomotive Eng'rs* involve appeals (pursuant to 28 U.S.C. § 2344) from orders issued by the Interstate Commerce Commission, and *Virgin Islands Conserv. Soc'y, Inc.* involves an appeal under the Virgin Islands Coastal Zone Management

Act, 12 V.I.C. §§ 901, *et seq.*[1] Accordingly, the Court does not find any of the foregoing decisions helpful in resolving the issue of whether the present lawsuit was timely under Section 626(e).[2]

Plaintiff's final argument is that ADEA permits the filing of an action even after the ninety day period has expired, "as long as the complaint was filed within two years of the discriminatory act ..." (Plaintiff's Br. in Opp., p. 5.) In support of this argument, Plaintiff relies exclusively upon *Simmons v. Al Smith Buick Co., Inc.*, 841 F.Supp. 168 (E.D.N.C.1993), and she urges this Court to adopt the holding in that case.

In *Simmons,* the plaintiff filed a charge with the EEOC on November 25, 1991 alleging that he was terminated from his job in violation of ADEA. The EEOC issued a determination on June 17, 1992 concluding its involvement in the matter. On April 23, 1993, Simmons filed an action in United States District Court alleging violations of ADEA and North Carolina common law of wrongful discharge.

The defendant subsequently filed a motion to dismiss on the basis that Simmons had failed to commence a civil action within ninety days of the EEOC determination. Simmons maintained that his lawsuit was never-

theless timely, since he had filed it within two years from the time of the alleged discriminatory conduct pursuant to 29 U.S.C. §§ 626, 216 and 215. The issue as phrased by the *Simmons* court was "whether plaintiff's case is governed solely by the 90–day limit established in [§ 626(e) as amended] or if the limitation is to be read in conjunction with the previously existing two year limitation." *Id.* at 169.[3]

In determining that Simmons' failure to file suit within the ninety day period was not fatal to his claim, the court relied upon what it considered to be the "plain language" of the statute, as well as the pertinent legislative history. *Id.* at 169. With respect to the language of Section 626(e), the court concluded:

> By use of the word *"may"*, the language of the statute indicates that it was not intended to require that a claimant file suit within 90 days after receipt of the notice of termination of proceedings by the Commission or be thereinafter barred from filing.

*Id.* at 169 (emphasis in the original). The *Simmons* court further concluded that, despite the enactment of the Civil Rights Act of 1991 which amended Section 626(e) to its present form, the two and three year limitations periods under 29 U.S.C. § 255 still apply to ADEA actions. *Id.*

---

1. The Court also notes that *Brotherhood of Locomotive Eng'rs, supra,* was vacated by the United States Supreme Court in *I.C.C. v. Brotherhood of Locomotive Eng'rs.,* 482 U.S. 270, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987).

2. Moreover, even if this Court were to determine that the ninety-day filing period was suspended during the pendency of Plaintiff's request for reconsideration with the EEOC, this by itself would not save Plaintiff's action. As Defendant correctly points out in its reply brief, a tolling of the ninety day period between the dates September 27, 1993 and October 7, 1993—the period during which Plaintiff's request for reconsideration was under review by the EEOC—would mean that Plaintiff filed her lawsuit 115 days after the issuance of the EEOC's original determination and right-to-sue notice. (Reply Brief in Support of Motion for Summary Judgment on Behalf of Defendant Corry Manufacturing Company, at p. 3.)

3. Former Section 626(e) of ADEA was amended to its current form by the Civil Rights Act of 1991, Pub.L. No. 102–166, Title I, § 115, 105

Stat. 1079, effective November 21, 1991. Prior to this amendment, Section 626(e)(1) expressly incorporated the two-year statute of limitations period (three years for willful violations) applicable to claims under the Fair Labor Standards Act, as set forth in Section 6 of the Portal-to-Portal Act, 29 U.S.C. § 255. Former § 626(e) provided as follows:

> **(e) Statute of limitations; reliance in future on administrative ruling, etc.: tolling**
> (1) *Sections 255* and *259 of this title shall apply to actions under this chapter.* (Emphasis supplied.)
> (2) For the period during which the Equal Employment Opportunity Commission is attempting to effect voluntary compliance ... through informal methods of conciliation ... *the statute of limitations as provided in section 255 of this title* shall be tolled, but in no event for a period in excess of one year. (Emphasis supplied.)

Because both the alleged discriminatory act and the filing of the present action occurred after November 21, 1991, the current version of 29 U.S.C. § 626(e) as set forth above, at pp. 211–12, governs McCray's ADEA claim.

This Court disagrees. We believe that the plain language of Section 626(e) makes clear that the failure to file suit within ninety days after the receipt of a notice from the Commission renders a plaintiff's action untimely.

Moreover, with the exception of *Simmons,* the cases interpreting current Section 626(e) appear to hold uniformly that the ninety-day filing requirement is mandatory, not merely permissive as Plaintiff suggests. The Third Circuit recently had occasion to address this issue in *Sperling v. Hoffmann–La Roche, Inc.,* 24 F.3d 463 (3d Cir.1994), wherein the court explained the relationship between former and present Section 626(e) as follows:

> ... former Section 626(e)(1) of ADEA incorporated the two year statute of limitations for non-willful violations set forth in section 6 of the Portal-to-Portal Act. *See* 29 U.S.C.A. § 626(e)(1) (West 1985). The Civil Rights Act of 1991, Pub.L. No. 102–166, Title I, § 115, 105 Stat. 1079, amended Section 626(e)(1) of ADEA. *Under the current version of Section 626(e), effective November 21, 1991, section 6 of the Portal-to-Portal Act is no longer expressly incorporated and the statute of limitations for an age discrimination action is 90 days after receipt of a notice that "a charge filed with the [EEOC] under this chapter is dismissed or the proceedings of the [EEOC] are otherwise terminated by the [EEOC]."* 29 U.S.C.A. § 626(e) (effective November 21, 1991) (West Supp.1993).

*Id.* at 464 n. 1 (emphasis supplied).

In *Adams v. Burlington N. R.R. Co.,* 838 F.Supp. 1461 (D.Kan.1993) the court was faced with the issue of whether or not receipt of an EEOC right-to-sue notice is a prerequisite to filing a private ADEA lawsuit. In passing on this issue, the court reviewed the time limits applicable to ADEA actions and observed:

> ... as a precondition to bringing a civil action under ADEA, a plaintiff must file his administrative charges within the appropriate time limit and must then wait at least sixty days before bringing suit.

> The "sixty days after charges filed" constitutes the beginning point in the window of time that a plaintiff can bring an ADEA civil action. *The ADEA also defines the outer limit of that window. Prior to the Civil Rights Act of 1991 ("1991 Act"), the statute of limitations for ADEA law suits was two years or, if the age discrimination was willful, three years after the alleged discriminatory act.* The prior version of 29 U.S.C. § 626(e) established this two year-three year limitations period by incorporating Section 6 of the Portal-to-Portal Act of 1947, 29 U.S.C. § 255.

> *The 1991 Act amended 29 U.S.C. § 626(e) by eliminating the two year-three year limitations period.* Pub.L. No. 102–166, § 115, 105 Stat. 1071, 1079. At the same time, Section 115 of the 1991 Act provides that if a charge filed with the EEOC is dismissed or the EEOC proceedings are otherwise terminated, the EEOC is to notify the complainant, who may then bring a civil action within ninety days after receipt of the EEOC notice. 29 U.S.C. § 626(e) ...

*Id.* at 1467–1468 (emphasis supplied).

A similar conclusion was reached by the United States District Court for the Western District of Pennsylvania in *Crivella v. Urban Redevelopment Auth. of Pittsburgh,* 64 Fair Empl.Prac.Cas. (BNA) 1, 1994 WL 121609 (W.D.Pa.1994) (Ambrose, J.). The undisputed facts in that case indicated that the Plaintiff had filed his ADEA action in federal court 161 days after receipt of the EEOC determination and right-to-sue notice. Crivella contended that, notwithstanding his failure to file suit within the ninety day period, his action was timely "because 29 U.S.C. § 626(e) does not change the provision for backpay in the Portal to Portal Act, which provides a two year statute of limitations for non-willful violations and a three year statute of limitations for willful violations [29 U.S.C. § 255]." *Id.* at 2.

Judge Ambrose rejected the Plaintiff's argument based largely on her examination of the Historical and Statutory Notes to 29 U.S.C. § 626(e), which state as follows:

**1991 Amendment**

Subsec. (e) Pub.L. 102–166 added provisions requiring notice when charge dismissed or proceedings terminated and authorizing civil action within 90 days of receipt of such notice, and *struck out par. (1) designation, provision making section 255*

*of this title applicable to actions under chapter,* and par. (2), which tolled section 225 (sic) limitations for one year.

*Id.* at 2 (citing 29 U.S.C.A. § 626 (West Supp.1993)) (emphasis by the court). In light of the fact that the 1991 amendments deleted Section 255 of the Portal-to-Portal Act from Section 626(e), Judge Ambrose concluded:

Clearly, the plain meaning of the statute requires us to find that the statute of limitations under the Portal-to-Portal Act should not be considered under the present version of 29 U.S.C. § 626(e) and therefore we find Crivella's argument to be without merit.

*Id.* at 2.

This Court finds the analysis of the *Sperling, Adams,* and *Crivella* decisions to be persuasive. We therefore disagree with the *Simmons* court's conclusion that the two-year statute of limitations incorporated into former Section 626(e)(1) survives the enactment of the Civil Rights Act of 1991. *See also, Rich v. Zeneca, Inc.,* 845 F.Supp. 162, 167 (D.Del.1994) (applying amended § 626(e) and holding that Plaintiff's failure to file within ninety days of the receipt of the EEOC determination barred the action); *McConnell v. Thomson Newspapers, Inc.,* 802 F.Supp. 1484, 1493–96 (E.D.Tex.1992) (noting that § 626(e) as amended supersedes the previously existing two-year statute of limitations, with the result that the new ninety day limitations period begins to run upon receipt of EEOC notice, rather than from accrual of cause of action).

This Court also disagrees with the *Simmons* court's interpretation of the legislative history of Section 626(e) which, for purposes of clarity, we set forth in its entirety:

The legislative history surrounding § 115 of the CRA also indicates that the 90–day time limit was not intended to be the only limitation in ADEA cases. House Report 102–40(I) explains that the purpose of § 215 is to correct certain problems that existed under the prior statutory scheme. One such problem centers on the fact that, prior to § 215, the EEOC had no obligation to inform claimants of their "right to sue." A second problem under the former statute was that ADEA claimants were required to commence their litigation within two or three years of the discriminatory act, regardless of whether the EEOC had made an administrative determination concerning their charges. The report from the House of Representatives explains that these problems resulted in "many age discrimination victims los[ing] their rights to go to court, because they were unaware of the ADEA's time limitations for filing a lawsuit, and received no notice from the EEOC that they could—in fact, must—file suit by certain dates." H.R.Rep. No. 40(I), 102nd Cong., 1st Sess. 96 (1991), *reprinted in* 1991 U.S.C.C.A.N. 549, 634. The report continues: "[t]his section also adds a new provision to the ADEA, which imposes an explicit obligation on the EEOC to notify complainants, after the EEOC has dismissed their charges, that the agency's action triggers a 90–day limitations period ..." *Id.* at 97, *reprinted in* 1991 U.S.C.C.A.N. at 635. Thus, the report from the House of Representatives makes it clear that the purpose of the establishment of the 90–day limitation was to solve the aforementioned problems by eliminating the practice of calculating the absolute time limits of 29 U.S.C. § 255 without reference to EEOC proceedings.

The legislative history does not indicate that the purpose of § 215 was to reduce the amount of time in which ADEA claimants have to file their suits. In fact, it suggests that § 215 was passed to help ADEA claimants file timely suits by requiring the EEOC to specifically inform claimants of administrative actions concerning their charges. Thus, to read § 215 as requiring the dismissal of an action brought within the two-year statute of limitations would directly oppose the purpose of the amendment. Further, a dismissal on those grounds would contravene the policy of the ADEA as a whole, as it is to be liberally interpreted to accomplish its stated purpose of ending age discrimination in employment. *See,* e.g. *Dartt v. Shell Oil Co.,* 539 F.2d 1256, 1260 (10th Cir.), *aff'd* 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977).

*Simmons, supra,* at 170.

This Court is of the opinion that the legislative history in fact clearly demonstrates

that the purpose of the 1991 amendment to Section 626(e) was to create a ninety-day window within which plaintiffs must file suit under ADEA or lose their right to do so. In particular, we note the following excerpt from House Report No. 102–40(I), which the *Simmons* court did not directly address:

> Section 215(b)(4) [amending 29 U.S.C. § 626(e) ] makes clear that the claimant may commence a civil action at any time after 60 days from the time the charge was filed until the *expiration of the 90 day period following receipt of notice from the Commission that it has dismissed the charge or otherwise completed its consideration of the charge,* whichever is later.

H.R.Rep. No. 102–40(I), 102nd Cong., 1st Sess. 97, *reprinted in* 1991 U.S.C.C.A.N. 549, 635 (emphasis supplied). This portion of the legislative history establishes to the satisfaction of this Court that the drafters of the 1991 amendments clearly contemplated a window for filing an ADEA action ending ninety days after receipt of a right-to-sue notice from the EEOC. *See also Weaver v. Ault. Corp.,* 859 F.Supp. 256, 258 (N.D.Tex. 1993) (court interpreted the foregoing passage and concluded "[t]his amendment merely requires that, in the event that ... a right-to-sue letter is issued, the claimant *must* bring the civil action within ninety days after receipt of the letter") (emphasis supplied).

This Court also finds instructive the following analysis of the legislation amending ADEA's limitations period, as set forth in the Congressional Record at the request of Senator Dole on the date that the Act passed the Senate:

> This section generally conforms procedures for filing charges under the ADEA with those used for other portions of Title VII. In particular, it provides that the EEOC shall notify individuals who have filed charges of the dismissal or completion of the Commission's proceedings with respect to those charges, and *allows those individuals to file suit from 60 days after filing the charge until the expiration of 90 days after completion of those proceedings* . . .

137 Cong.Rec. S15,472–01, S15,477 (1991) (emphasis supplied).

In sum, the Court is unpersuaded by the reasoning set forth in the *Simmons* decision and therefore declines to apply its holding to this case. In addition, the Court finds that the language of Section 626(e), the underlying legislative history, and the case law all support the conclusion that Plaintiff was required to file her ADEA action within ninety days of having received the EEOC's August 31, 1993 determination and right-to-sue notice. It is undisputed that Plaintiff did not file this lawsuit within that time period. Consequently, the present action is now time-barred.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the Plaintiff's action is untimely pursuant to 29 U.S.C. § 626(e) and the Defendant's Motion for Summary Judgment is, therefore, granted.