Alfred ST. LOUIS, Plaintiff–Appellant,

v.

**TEXAS WORKER'S COMPENSATION COMMISSION, et al., Defendants,**

Texas Worker's Compensation Commission, Defendant–Appellee.

No. 94–50445.

United States Court of Appeals, Fifth Circuit.

Sept. 26, 1995.

**44**

Tim Mahoney, Austin, TX, for appellant.

Alfred St. Louis, Austin, TX, pro se.

Kaye Schultz, Asst. Atty. Gen., Dan Morales, Atty. Gen., Austin, TX, for appellee.

Before WISDOM, GARWOOD and DAVIS, Circuit Judges.

WISDOM, Circuit Judge:

The plaintiff/appellant, Alfred St. Louis ("plaintiff" or "St. Louis"), appeals from the district court's dismissal of his complaint for

---

1. 29 U.S.C.A. §§ 621–634 (West 1985 & Supp. 1995).

failure to comply with the applicable statute of limitations. We affirm.

## I

When he was 47 years old, St. Louis was hired by the Texas Worker's Compensation Commission ("TWCC") as a systems analyst. He was fired on May 29, 1991, ten months after he began working at the TWCC. On July 8, 1991, St. Louis filed a Charge of Discrimination with the Texas Commission on Human Rights and the Equal Employment Opportunity Commission ("EEOC"), alleging that he was terminated based on his age in violation of the Age Discrimination in Employment Act ("ADEA").[1]

Both the Texas Commission on Human Rights and the EEOC concluded that there was no reasonable cause to believe that the TWCC had violated the ADEA in firing St. Louis. On July 17, 1992, the EEOC sent St. Louis a right-to-sue letter that included the following language:

A lawsuit under the Age Discrimination in Employment Act (ADEA) ordinarily must be filed within two years of the date of discrimination alleged in the charge. On November 21, 1991, the ADEA was amended to eliminate this two year limit. An ADEA lawsuit may now be filed any time after 60 days after a charge is filed until 90 days after the receipt of notice that EEOC has completed action on the charge. Because it is not clear whether this amendment applies to instances of alleged discrimination occurring before November 21, 1991, if Charging Party decides to sue, a lawsuit should be brought *within 2 years of the date of alleged discrimination and within 90 days of receipt of this letter, whichever is earlier,* in order to assure the right to sue.[2]

In spite of this warning, St. Louis did not file suit against the TWCC until May 28, 1993, which was within two years of the allegedly discriminatory act, but nearly 300 days after he received the right-to-sue letter from the EEOC. The case was referred to a magistrate judge, who recommended that the

---

2. Record at 375 (emphasis in the original).

TWCC's motion to dismiss be granted on the ground that the plaintiff failed to comply with the statute of limitations under the ADEA as amended by the Civil Rights Act of 1991 ("1991 Act") in filing his ADEA action. The district court adopted the report and recommendation of the magistrate, and dismissed with prejudice the complaint. St. Louis appeals.

## II

We review *de novo* a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3]

Before Congress passed the 1991 Act, the ADEA provided that the statute of limitations for suits filed under the ADEA was two years from the date the allegedly discriminatory act took place. For willful age discrimination, the limitations period was three years. The ADEA established these limitations periods by incorporating Section 6 of the Portal-to-Portal Pay Act into the ADEA at 29 U.S.C. § 626(e) (superseded 1991).

Congress then passed the 1991 Act, which altered the statute of limitations for ADEA claims. Section 115 of the 1991 Act is titled "Notice of Limitations Period under the Age Discrimination in Employment Act of 1967", and is codified at 29 U.S.C. § 626(e).[4] It provides:

> If a charge filed with the Commission under this chapter is dismissed or the proceedings of the Commission are otherwise terminated by the Commission, the Commission shall notify the person aggrieved. A civil action may be brought under this section by a person defined in section 630(a) of this title against the respondent named in the charge within 90 days after the date of the receipt of such notice.

## A

The plaintiff's first argument on appeal contends that the applicable statute of limitations is not the one in effect when the complaint was filed, but the one in effect when the claim accrued, and that the district court erred in dismissing his complaint. The applicable statute of limitations, St. Louis argues, is the two-year period, because that was the statute of limitations in effect when the allegedly discriminatory act took place.

The defendant responds that because St. Louis failed to file suit within 90 days of receiving the right-to-sue letter from the EEOC, his claim is barred. The defendant argues, and the district court agreed, that the statute of limitations applicable to this case is the one in effect when the civil suit was filed—the 90-day period in § 626(e).

This is a case of first impression in our circuit; we are asked to decide whether the limitations period in § 626(e) applies to ADEA suits that are filed after the effective date of the 1991 Act but stem from allegedly discriminatory acts that occur before the effective date. We conclude that it does.

In this case, the defendant's allegedly discriminatory conduct occurred before the 1991 Act became effective, but the plaintiff filed suit after the 1991 Act became effective. The 1991 Act was in effect throughout the time that St. Louis received his right-to-sue letter from the EEOC to the time he filed his cause of action. The 90-day limitations period was the law in effect when he filed his complaint, and it is the law that applies in this case.[5]

This conclusion is supported by the Supreme Court's recent decision in *Landgraf v. USI Film Products*, in which the Court considered whether the amendment to § 102 of the 1991 Act applies to conduct that occurred

---

**3.** *F.D.I.C. v. Ernst & Young*, 967 F.2d 166, 169 (5th Cir.1992).

**4.** 29 U.S.C.A. § 626(e) (West Supp.1995).

**5.** Many courts that have faced the same issue agree. *See, e.g., Garfield v. Nichols Real Estate*, 57 F.3d 662 (8th Cir.1995); *Anderson v. Unisys*

*Corp.*, 52 F.3d 764, 765 n. 1 (8th Cir.1995), *petition for cert. filed*, (U.S. July 18, 1995); *Vernon v. Cassadaga Valley Cent. Sch. Dist.*, 49 F.3d 886, 889 (2d Cir.1995); *Smith v. ZENECA Inc.*, 820 F.Supp. 831, 832–34 (D.Del.1993), *aff'd*, 37 F.3d 1489 (3d Cir.1994) (table); *Hartig v. Safelite Glass Corp.*, 819 F.Supp. 1523, 1529 (D.Kan. 1993); *McConnell v. Thomson Newspapers, Inc.*, 802 F.Supp. 1484, 1495–96 (E.D.Tex.1992).

before the passage of the amendment.[6] Before the amendment, plaintiffs were able to obtain only equitable relief in Title VII cases, and the amendment permits recovery of compensatory and punitive damages. After noting that each section of the 1991 Act must be considered separately, the Court held that absent clear Congressional intent to make legislation retroactive, legislation that would impair substantive rights should apply only to conduct occurring after the statute's effective date.[7] In contrast, changes in procedural rules "may often be applied in suits arising before their enactment without raising concerns about retroactivity" due to the diminished reliance interests in matters of procedure, and because procedural rules govern secondary, rather than primary conduct.[8] The Court warned, however, that retroactivity concerns can have application to procedural rules in some circumstances and that not all changed procedural rules should be applied automatically to every pending case.[9]

To determine whether retroactivity concerns bar application of an intervening statute to any given case, therefore, we must decide whether the intervening statute has a genuinely "retroactive" effect. In *Shipes v. Trinity Industries,* we explained the *Landgraf* analysis as follows:

> An intervening statute should not apply to a pending case if application of the statute would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.[10]

In this case, the change in the statute of limitations for filing ADEA claims does not have a retroactive effect; it governs the secondary conduct of filing suit, not the primary conduct of the defendants.[11] Nor does the statute of limitations alter either party's liability or impose new duties with respect to transactions already completed. Section 626(e) does not operate retroactively in the manner *Landgraf* censured.

Indeed, although the defendant frames the issue as one of retroactivity, the issue is not technically one of retroactivity, where a change in the law overturns a judicial adjudication of rights that has already become final.[12] In this case, the statute of limitations is applied to conduct that occurred after the statute's enactment—the plaintiff's filing of the complaint—not to the allegedly discriminatory acts of the defendant. The only issue is which law to apply to the plaintiff's acts.[13]

There is no inequity in applying § 626(e) to St. Louis's cause of action. We hold that the 90–day statute of limitations in § 626(e) applies to claims filed after the 1991 Act became effective.

### B

■ The plaintiff's second argument on appeal contends that § 115 is not the exclusive statute of limitations for ADEA claims, but that the 1991 Act establishes two separate statutes of limitation under the ADEA: (1) two years from the date of the last act of age discrimination, and (2) 90 days after final notice from the EEOC, whichever is later. The word "may" in § 115, St. Louis argues, evinces the intent of Congress to *supplement,* rather than *replace,* the two-year limitations period. Because he filed his complaint within two years of the date of the act of alleged age discrimination, St. Louis contends that the claim is timely. One district

---

6. —— U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).

7. *Id.* at ——, 114 S.Ct. at 1500.

8. *Id.* at ——, 114 S.Ct. at 1502.

9. *Id.* at —— n. 29, 114 S.Ct. at 1502 n. 29.

10. 31 F.3d 347, 348–49 (5th Cir.1994) (quoting *Landgraf,* —— U.S. at ——, 114 S.Ct. at 1503).

11. *See, e.g., Vernon,* 49 F.3d at 890.

12. *Vernon,* 49 F.3d at 889; *Smith v. ZENECA,* 820 F.Supp. at 833; *McConnell,* 802 F.Supp. at 1494 n. 12.

13. We also note that in this case, we do not face, and therefore do not address, the situation in which applying an amended statute of limitations would save an otherwise time-barred claim or would extinguish claims timely filed under a superseded statute of limitations.

court agrees by published opinion with St. Louis's interpretation of § 115.[14]

The other courts to have faced the issue, however, read § 115 as providing the exclusive limitations period for claims brought under the ADEA.[15] We agree with those courts and hold that under § 115, the statute of limitations for an age discrimination action is 90 days after receipt of a notice that a charge filed with the EEOC has been dismissed or otherwise terminated.

Both the language and legislative history of § 626(e) support this conclusion. Section 626(e) states clearly that a complainant may file suit within 90 days after the date of the receipt of a right-to-sue letter from the EEOC.[16] The legislative history also indicates that the two-year statute of limitations incorporated into the former § 626(e) does not survive the passage of the 1991 Act. In the 1991 Act, Congress deleted from § 626(e) the express reference to § 255 of the Portal-to-Portal Pay Act. We agree with the interpretation of the legislative history of § 626(e) set forth in *McCray v. Corry Mfg. Co.*, where the court concluded that the legislative history "demonstrates that the purpose of the 1991 amendment to § 626(e) was to create a ninety-day window within which plaintiffs must file suit under the ADEA or lose their right to do so".[17]

We hold that § 626(e)'s 90–day limitations period is the exclusive statute of limitations under the ADEA. St. Louis did not file his

complaint within that period, and his cause of action, therefore, is not timely.

## C

■ The plaintiff's final argument on appeal contends that the Court should apply equitable tolling, which allows for tolling of a limitations period when a plaintiff's unawareness of his or her ability to bring a claim is due to the defendant's misconduct.[18]

In *Baldwin County Welcome Center v. Brown*, the Supreme Court outlined several criteria to consider when evaluating a request for equitable tolling: first, whether the EEOC provided adequate notice of the complainant's right to sue; second, whether a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; third, whether the court itself has led the plaintiff to believe that she has done everything required of her; and fourth, whether affirmative misconduct on the part of the defendant lulled the plaintiff into inaction.[19]

None of these criteria are present in this case. The letter from the EEOC informing St. Louis of his right to sue stated in specific language that he should file suit within 90 days to safeguard his right to sue. The letter told St. Louis what he must do to preserve his claim, but he did not follow the instructions; he waited nearly 300 days to file his complaint. "One who fails to act diligently cannot invoke equitable principles

---

14. *Simmons v. Al Smith Buick Co., Inc.*, 841 F.Supp. 168, 169–70 (E.D.N.C.1993).

15. *Sperling v. Hoffmann–La Roche, Inc.*, 24 F.3d 463, 464 n. 1 (3d Cir.1994); *Crivella v. Urban Redevelopment Auth. of Pittsburgh*, No. 93–1811, 1994 WL 121609 (W.D.Pa. Feb. 10, 1994); *McCray v. Corry Mfg. Co.*, 872 F.Supp. 209, 215 (W.D.Pa.1994); *Adams v. Burlington N. R.R. Co.*, 838 F.Supp. 1461, 1467–68 (D.Kan.1993); *Weaver v. Ault Corp.*, 859 F.Supp. 256, 258 (N.D.Tex. 1993).

16. The section provides: "A civil action may be brought under this section by a person defined in section 630(a) of this title against the respondent named in the charge within 90 days after the date of the receipt of such notice". 29 U.S.C.A. § 626(e) (West Supp.1995); *see also McCray*, 872 F.Supp. at 214.

17. The *McCray* court cited House Report No. 102–40(I), which states that the amendment to § 626(e):

makes clear that the claimant may commence a civil action at any time after 60 days from the time the charge was filed *until* the expiration of the 90 day period following receipt of notice from the Commission that it has dismissed the charge or otherwise completed its consideration of the charge, whichever is later.

872 F.Supp. at 216 (quoting H.R.Rep. No. 102–40(I), 102d Cong., 1st Sess. 97, *reprinted in* 1991 U.S.C.C.A.N. 549, 635) (emphasis added).

18. *See, e.g., Rhodes v. Guiberson Oil Tools Division*, 927 F.2d 876, 878 (5th Cir.), *cert. denied*, 502 U.S. 868, 112 S.Ct. 198, 116 L.Ed.2d 158 (1991).

19. 466 U.S. 147, 151, 104 S.Ct. 1723, 1725–26, 80 L.Ed.2d 196 (1984).

to excuse that lack of diligence."[20] The district court properly declined to apply equitable tolling to St. Louis's claim.

The plaintiff failed to file his ADEA complaint within the 90–day statute of limitations, and his cause of action is therefore time-barred. The judgment of the district court is AFFIRMED.