**Ruben C. GASPAR, Plaintiff,**

v.

**MERCK AND COMPANY, INCORPORATED, a/k/a Merck, Defendant.**

**No. CIV.A. 98–3252.**

United States District Court, E.D. Pennsylvania.

Oct. 26, 2000.

Kenneth C. Taylor, Wayne, PA, for plaintiff.

Michael Burkhardt, Philadelphia, PA, for defendant.

## MEMORANDUM

LOWELL A. REED, Jr., Senior District Judge.

Defendant Merck and Company, Inc., has filed a motion for summary judgment in this age and race discrimination action pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Document No. 15). Plaintiff did not file a response or otherwise oppose defendant's motion. Upon consideration of defendant's motion, and the pleadings and affidavits submitted therewith, defendant's motion will be granted.

## I. BACKGROUND

Plaintiff Ruben C. Gaspar ("Gaspar") is a Pennsylvania resident who worked at Defendant Merck and Company, Inc. ("Merck") as a packaging design engineer from December 20, 1987 until his termination on October 20, 1994. Beginning with his first evaluation in 1988 and continuing until his termination, Gaspar received poor evaluations from his supervisors. He eventually was placed on a performance improvement plan ("PIP") on May 16, 1994. According to his evaluations, he failed to improve his work performance and was finally terminated.

Gaspar is an Asian/Pacific Islander and at the time of his termination was 59 years of age. He alleges he was discriminated against on the basis of his age and race when Merck terminated his employment. Gaspar asserts claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.;* Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.,* as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981(a); the Civil Rights Act of 1866 ("Section 1981"), 42 U.S.C. § 1981; and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S. § 951, *et seq.*

Merck moves for summary judgment on the ground that the evidence is so one-sided that Gaspar's claims fail as a matter of law. Merck argues that Gaspar's age discrimination claim under the ADEA fails because (1) he did not exhaust his administrative remedies; (2) he failed to file the age discrimination claim within 90 days of receiving his Notice of Dismissal from the Equal Employment Opportunity Commission ("EEOC"); and (3) even if the claim is not procedurally barred, Gaspar has failed to establish a prima facie case of age discrimination. Furthermore, Merck asserts that Gaspar's Title VII claim fails because (1) he filed his claim after the applicable statute of limitations expired; (2) he failed to exhaust his administrative remedies with regard to being placed on the PIP; and (3) Gaspar failed to establish a prima

facie case of race discrimination, and even if he could establish this, he has not proven that Merck's reason for his termination was pretextual. Additionally, Merck contends that Gaspar's PHRA claim is barred because he failed to exhaust administrative remedies. Finally, Merck claims that Gaspar's 1981 race discrimination claim is barred by the applicable statute of limitations.

## II. ANALYSIS

In deciding a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, "the test is whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law." *Medical Protective Co. v. Watkins,* 198 F.3d 100, 103 (3d Cir.1999) (citing *Armbruster v. Unisys Corp.,* 32 F.3d 768, 777 (3d Cir.1994)). On a motion for summary judgment, the facts should be reviewed in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita,* 475 U.S. at 586, 106 S.Ct. 1348, and must produce more than a "mere scintilla" of evidence to demonstrate a genuine issue of material fact in order to avoid summary judgment. *See Big Apple BMW, Inc. v. BMW of North America, Inc.,* 974 F.2d 1358, 1363 (3d Cir.1992).

A court may grant an unopposed motion for summary judgment where it is "appropriate." Fed.R.Civ.P. 56(e). The Court of Appeals for the Third Circuit has observed that upon consideration of an unopposed motion for summary judgment,

[w]here the moving party has the burden of proof on the relevant issues, this means that the district court must determine that the facts specified in or in connection with the motion entitle the

moving party to judgment as a matter of law. Where the moving party does not have the burden of proof on the relevant issues, this means that the district court must determine that the deficiencies in the opponent's evidence designated in or in connection with the motion entitle the moving party to judgment as a matter of law.

*Anchorage Assoc. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990).

### A. ADEA Claim

Gaspar first claims he was discriminated against based on his age pursuant to the ADEA. Under the ADEA, a civil action may be brought within ninety days from the receipt of the Notice of Right to Sue from the EEOC. *See* 29 U.S.C. § 626(e); *McCray v. Corry Mfg. Co.*, 872 F.Supp. 209, 214, *aff'd*, 61 F.3d 224 (3rd Cir.1995) ("We believe that the plain language of Section 626(e) makes clear that the failure to file suit within ninety days after the receipt of a notice from the Commission renders a plaintiff's action untimely"). Gaspar received the Notice of Right to Sue letter from the EEOC on or about March 5, 1998. He did not file this complaint until June 24, 1998, 107 days after he received the dismissal notice from the EEOC. Because the complaint was filed after the expiration of the statute of limitations, I conclude that Gaspar's age discrimination claim is time barred.

### B. Title VII Claim

 In order to sustain a Title VII claim, Gaspar must establish a *prima facie* case of race discrimination.[1] *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252–253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir.1994). In order to prove a *prima facie* case of race discrimination, the plaintiff must show he is in a protected class, is qualified for the position, suffered an adverse employment action, and that nonmembers of the protected class were treated more favorably. *See McDonnell*, 411 U.S. at 802, 93 S.Ct. 1817; *Ezold v. Wolf, Block, Schorr and Solis–Cohen*, 983 F.2d 509, 521–522 (3d Cir.1992). After the plaintiff has proven a *prima facie* case, the burden of going forward shifts to the defendant to produce a legitimate, nondiscriminatory reason for the termination. *See Ezold*, 983 F.2d at 522 (citing *Burdine*, 450 U.S. at 252, 101 S.Ct. 1089). After a legitimate, nondiscriminatory reason is provided, the burden shifts back to the plaintiff to prove that the proffered reason is a pretext for discrimi-

---

1. Merck argues that Gaspar's Title VII claim is both time barred and procedurally barred. The statute of limitations for filing a Title VII claim with the EEOC is not 180 days, as Merck asserts, but 300 days from the alleged discriminatory event. *See* 42 USC § 2000e–5(e)(1). Because Pennsylvania is a deferral state with a work sharing agreement, generally, even if an employee does not file a charge with the state agency, the employee is entitled to the full 300 days in which to file a charge with the EEOC. *See Vaughan v. Pathmark Stores, Inc.*, No. 99–18, 2000 WL 39067, *1, 2000 U.S. Dist. LEXIS 335, at *6 (E.D.Pa. Jan. 19, 2000) (*Seredinski v. Clifton Precision Prod. Co.*, 776 F.2d 56, 61 (3d Cir.1985)). Gaspar claims that he was terminated on October 20, 1994 (the date of the alleged discriminatory event) because of his race. Gaspar filed his claim with the EEOC within the applicable 300 day statute of limitations.

Merck next argues that Gaspar's Title VII claim is procedurally barred because he failed to exhaust all administrative remedies concerning being placed on a PIP. A complainant must exhaust all administrative remedies provided by statute before commencing a civil action in a federal district court. *See Brown v. General Services Administration*, 425 U.S. 820, 832, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Gaspar does not make a claim for discrimination based on being placed on the PIP in his complaint. He followed the appropriate procedures with respect to his termination by filing a charge with the EEOC on April 17, 1995.

Because the Court finds that neither of these arguments are dispositive of this issue, and therefore focuses its attention on the analysis of the merits of the Title VII claim.

nation. *See Burdine,* 450 U.S. at 252, 101 S.Ct. 1089; *McDonnell* 411 U.S. at 802, 93 S.Ct. 1817; *Ezold* 983 F.2d at 522. In order to prove pretext the plaintiff must provide either direct or circumstantial evidence from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons or (2) believe that a discriminatory reason was more likely than not a motivating or determinative cause of the employer's action. *See Fuentes,* 32 F.3d at 764 (citing *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 511, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *Ezold,* 983 F.2d 509, 521–522 (3d Cir.1992)). In order to prove this the plaintiff "must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them 'unworthy of credence'." *Fuentes,* 32 F.3d at 765 (quoting *Ezold,* 983 F.2d at 531).

■ While it is undisputed that Gaspar is a member of a protected class, there is no evidence on the record from which a reasonable jury could find that he was qualified for the job or that nonmembers of the protected class were treated more favorably. Gaspar's evaluations exhibit a wide range of problems with his performance. (Gaspar Dep. at 12–15; Defendant's Exhibit C, Gaspar Performance Appraisal for Year 1988; Defendant's Exhibit D, Memo from Art Jaeger to Ron Corbin, Dated May 12, 1994). Furthermore, Gaspar admitted he possessed no knowledge of who replaced him after he left (Gaspar Dep. at 85) and in fact, no one replaced Gaspar in his position. (Jaeger Aff. At ¶ 18).

■ Even if Gaspar could have established a *prima facie* case, there is no evidence from which a reasonable jury could infer that Merck's legitimate, nondiscriminatory reason for termination was merely pretext for discrimination. In his deposition testimony, Gaspar disagreed with Merck's evaluations of him. Merck docu-

mented a history of consistently poor performance by Gaspar. (Gaspar Dep. at 12–15; Defendant's Exhibit C, Gaspar Performance Appraisal for Year 1988; Defendant's Exhibit D, Memo from Art Jaeger to Ron Corbin, Dated May 12, 1994). He offers no evidence that these repeated and consistent evaluations were pretextual, other than his own disagreement with his evaluations.

■ A defendant is entitled to summary judgment in a Title VII claim if the plaintiff cannot produce sufficient evidence of pretext to rebut the asserted nondiscriminatory reasons for the employment decision. *See Jalil v. Avdel Corp.,* 873 F.2d 701, 707 (3d Cir.1989), *cert. denied,* 493 U.S. 1023, 110 S.Ct. 725, 107 L.Ed.2d 745 (1990). Because Gaspar fails to produce sufficient evidence of pretext, I conclude that defendant is entitled to summary judgment on Gaspar's Title VII claim.

### C. PHRA Claim

Merck also asserts that Gaspar's PHRA claim is barred because it failed to exhaust all administrative remedies. A complainant must exhaust all administrative remedies provided by statute before commencing a civil action in a federal district court. *See Brown,* 425 U.S. at 832, 96 S.Ct. 1961. Gaspar failed to file a complaint with the PHRC (Defendant's Exhibit M, Charge of Discrimination filed with the EEOC on April 17, 1995), therefore I conclude that his PHRA claim is barred.

### D. Section 1981 Claim

■ Finally, Merck argues that Gaspar's Section 1981 race discrimination claim is barred by the applicable statute of limitations. The statute of limitations for section 1981 claims is determined by state law. *See Williams v. Home Depot, U.S.A., Inc.,* No. 98–3712, 1999 WL 788597, *2, 1999 U.S. Dist. LEXIS 15250, at *7 (E.D.Pa. Oct. 5, 1999). In Pennsylvania, the applicable statute of limitations is that which governs personal injury actions, bar-

ring suit commenced more than two years following the date of the alleged injury. *See id.* at 1999 WL 788597, \*2, 1999 U.S. Dist. LEXIS 15250, \*7, (citing *Goodman v. Lukens Steel Co.* 482 U.S. 656, 662, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987)). The statute of limitations in a Section 1981 claim is not tolled by the timely filing of an EEOC charge. *See Johnson v. Railway Exp. Ag. Inc.*, 421 U.S. 454, 466, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). Gaspar's termination occurred on October 20, 1994 and he did not file this complaint until June 24, 1998, far after the expiration of the statute of limitations. Accordingly, I conclude that Gaspar's Section 1981 race discrimination claim is barred.

## III. CONCLUSION

Gaspar's age discrimination claim is barred because he filed his complaint after the 90 days statute of limitations. Furthermore, he is unable to support a Title VII race discrimination claim because he fails to prove a *prima facie* case of racial discrimination, or that Merck's reasons for termination were pretextual. Gaspar's PHRA claim is barred because he neglected to exhaust the administrative remedies available to him. Finally, the race discrimination claim is barred by the applicable two-year statute of limitations.

Having considered all the arguments and evidence of record, I conclude that there remains no genuine issue of material fact and that the defendant is entitled to summary judgment as a matter of law.

An appropriate Order follows.

### ORDER

**AND NOW,** on this 26 th day of October, upon consideration of the motion of defendant Merck for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (Document No. 15), having thoroughly reviewed the pleadings, evidence of record and affidavits submitted therewith, and having concluded, for the reasons set forth in the foregoing Memorandum, that there is no genuine issue of material fact, and that defendant is entitled to a judgment as a matter of law on all of plaintiff's claims, **IT IS HEREBY ORDERED** that the motion of Merck for summary judgment is **GRANTED.**

It is further ordered that **FINAL JUDGMENT** is **HEREBY ENTERED** in favor of Merck and Company, Incorporated, a/k/a Merck and against Ruben C. Gaspar.