Deborah BRIGGS, Plaintiff,

v.

William J. HENDERSON, Postmaster General, United States Postal Service Agency[1] and Robert Andrews, Defendants.

No. 3:97 CV 2072 (GLG).

United States District Court,
D. Connecticut.

July 2, 1998.

Angelo Cicchiello, Hartford, CT, for Deborah Briggs.

Carolyn Aiko Ikari, Hartford, CT, for U.S. Postal Service.

Theodore R. Paulding, Jr., South Windsor, CT, for Robert Andrews.

## MEMORANDUM DECISION

GOETTEL, District Judge.

Pursuant to Federal Rule of Civil Procedure 59(e), plaintiff Deborah Briggs moves to reconsider and amend this Court's judgment of April 17, 1998. For the reasons discussed below, plaintiff's motion (doc. no. 17) is GRANTED.

In this Court's decision of April 15, 1998 (doc. no. 15) granting defendant's motion to dismiss without prejudice plaintiff's claim under Title VII (Count One), we remanded plaintiff's complaint to the Equal Employment Opportunity Commission ("EEOC") for it to rule on the U.S. Postal Service Agency's ("Postal Service") request for reconsideration of the EEOC's decision of July 2, 1997 ("EEOC Decision"). Ruling in plaintiff's favor, the EEOC Decision found that plaintiff had made timely contact with an Equal Employment Opportunity counselor ("EEO Counselor"). We held that the Postal Service's request for reconsideration rendered the EEOC Decision a nonfinal decision because the request was still pending when plaintiff filed this civil action. Thus, we concluded that we lacked subject matter jurisdiction to hear plaintiff's Title VII claim.

Relying on 42 U.S.C. § 2000e–16(c) and 29 C.F.R. § 1614.408(d), plaintiff now urges this Court to exercise jurisdiction because more than 180 days have elapsed since she filed her appeal with the EEOC. Plaintiff originally appealed to the EEOC on June 27, 1996 from the Postal Service's final decision which found that she had not exhausted her administrative remedies because she had not contacted an EEO Counselor within 45 days of the last alleged discriminatory event. *See* 29 C.F.R. § 1614.105(a)(1). Plaintiff subsequently filed this civil action on September 30, 1997, which is well over 180 days from the date plaintiff filed her appeal with the EEOC.

Confined only to 42 U.S.C. § 2000e–16(c), we would not be as inclined to find jurisdiction proper because the facts of this case do not fit squarely within the statutory lan-

---

1. Pursuant to Federal Rule of Civil Procedure 25(d)(1), this Court hereby substitutes William J. Henderson for Marvin T. Runyon, Jr. as defen-

dant in this action because William J. Henderson has succeeded Marvin T. Runyon, Jr. as Postmaster General of the United States.

guage. The relevant portion of section 2000e–16(c) provides that an employee "*aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint*" may file a civil action after 180 days from the date the employee filed an appeal with the EEOC. 42 U.S.C. § 2000e–16(c) (emphasis added). First, we note that the EEOC Decision, while nonfinal, was in plaintiff's favor and would have entitled her to have her complaint processed by the Postal Service. Because the filing of this civil action terminated the processing of plaintiff's appeal (including the Postal Service's request for reconsideration), 29 C.F.R. § 1614.410, the administrative agency has not had an opportunity to take final action on the merits of plaintiff's complaint. Accordingly, plaintiff cannot yet claim to be aggrieved by the final disposition of her complaint.

Second, plaintiff did not allow the administrative process to run its full course before she sued in federal court, thereby preempting the ability of an administrative agency to take final action on plaintiff's complaint. Indeed, the purpose of requiring a federal employee to exhaust administrative remedies before filing a civil action is to encourage administrative resolution of employment discrimination disputes. Plaintiff could have brought suit in federal court at any time after 180 days from the filing of her appeal with the EEOC (i.e. after December 27, 1996, approximately) because up until that time the EEOC had not ruled on plaintiff's appeal from the Postal Service's decision. Instead of pursuing her complaint in federal court at that time, plaintiff chose to wait for the EEOC to issue its decision, which it did on July 2, 1997 in her favor. At this point, both the Postal Service and the EEOC had taken final action on plaintiff's complaint. The Postal Service's request for reconsideration of the EEOC Decision, however, rendered the EEOC's action nonfinal. We do not find that this request constituted a "failure to take final action" on plaintiff's complaint. Thus, we find it difficult for plaintiff to now argue that she is aggrieved by the EEOC's failure to take final action on her complaint when she changed gears in mid-stream.

Nevertheless, we are persuaded that this Court has jurisdiction based on the more broadly-worded language in the regulations. Section 1614.408(d) provides that a plaintiff may file a civil action "[a]fter 180 days from the date of filing an appeal with the [EEOC] if there has been no *final decision* by the [EEOC]." 29 C.F.R. § 1614.408(d) (emphasis added). As discussed more fully in the April 15 decision, this Court found that the EEOC had not issued a final decision due to the Postal Service's request for reconsideration. Consequently, because there has not been a technical final decision and more than 180 days have passed since plaintiff filed her appeal with the EEOC on June 27, 1996, we find that this Court properly has jurisdiction to hear plaintiff's complaint. Moreover, the Postal Service does not oppose plaintiff's request, and has requested that this case proceed in federal court.

Ordinarily, a federal employee may seek enforcement of a favorable EEOC order in district court without risking a *de novo* review of the merits because federal agencies are bound by final decisions of the EEOC in federal discrimination cases. *Morris v. Rice*, 985 F.2d 143, 145 (4th Cir.1993); *see Chandler v. Roudebush*, 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976); 29 C.F.R. §§ 1614.502(a), 1614.504(a). Because the EEOC Decision is nonfinal, however, it will not carry preclusive effect in this Court on the issue of whether plaintiff exhausted her administrative remedies. *See Moore v. Devine*, 780 F.2d 1559, 1562–63 (11th Cir.1986) (stating that only final EEOC decisions are binding on district courts). At this time, we do not find it appropriate to decide the issue of whether plaintiff exhausted her administrative remedies by timely initiating contact with an EEO counselor and will wait until this issue is properly before us.

In sum, we GRANT plaintiff's motion to amend judgment (doc. # 17) and find that this Court has jurisdiction over plaintiff's Title VII claim (Count One). To the extent that it is raised by plaintiff's motion, we DENY plaintiff's request for reconsideration on all other counts against defendant Henderson. We also note that our decision granting defendant's motion to strike plaintiff's request for punitive damages (doc. # 6–2) is not affected by our decision today.

With respect to the state-law claims against defendant Robert Andrews, which we *sua sponte* dismissed without prejudice because we declined to exercise supplemental jurisdiction, we order that these claims be restored. The Clerk of the Court is directed to reopen this case.

**SO ORDERED.**