

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-21-1999

# Holley v. Dept Veteran Affairs

Precedential or Non-Precedential:

Docket 98-5052

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation

"Holley v. Dept Veteran Affairs" (1999). *1999 Decisions.* Paper 15.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/15

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed January 21, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-5052

EVELYN O. HOLLEY,
      Appellant

v.

DEPARTMENT OF VETERAN AFFAIRS, HERSHEL GOBER,
ACTING SECRETARY

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 97-cv-05484)
District Judge: Hon. John W. Bissell

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 2, 1998

Before: SLOVITER, ROTH and ROSENN, Circuit Judges

(Filed January 21, 1999)

OPINION OF THE COURT

SLOVITER, Circuit Judge.

Evelyn Holley, who filed a pro se complaint alleging violations of Title VII of the Civil Rights Act of 1964 by her employer, the Department of Veteran Affairs, appeals from the District Court's sua sponte dismissal of her complaint. The case raises an issue of the effect of a motion for reconsideration filed by a federal employee with the EEOC on the time to file a court action.[1]

I.

Holley is a federal employee with the East Orange, New Jersey, Department of Veteran Affairs Medical Center ("DVA"). During the past ten years, Holleyfiled several complaints with the EEOC, alleging that she was the subject of sex-based and retaliatory discrimination and harassment in the workplace. The four complaints relevant to this appeal were consolidated for investigation and proceedings at the agency level (Agency Nos. 92-2091, 93-2846, 93-3295, and 94-0085). In those complaints, Holley alleged that she was the subject of discrimination because: (1) in May 1993, she was not selected for the VAFY-94 Associate Director Training Program; (2) in May, 1993, she was excluded from the JCAHO Leadership Interview Meeting; (3) in February, 1993, she was required to make changes in the Medical Center Policy Memorandum concerning the Patient Representative Program; (4) for the period April 1, 1992, through March 31, 1993, she was not rated outstanding; (5) as a form of sexual harassment, she received an admonishment on September 16, 1993; (6) her position and occupational title code were changed effective December 24, 1991; (7) she was reassigned on April 2, 1992, and (8) she was subjected to a hostile environment

_____

1. This matter is submitted on appellant's brief only. The Office of the United States Attorney initially entered an appearance on behalf of the appellee, but then withdrew its appearance beforefiling a brief.

including being excluded from meetings on March 11 and 13, 1992.2

The DVA adopted the findings of an EEOC administrative law judge who determined that there was insufficient evidence of discrimination to support the claims in Holley's complaints. Holley received notice of the DVA's final decision on November 24, 1994. Holley filed an appeal to the EEOC, which dismissed her appeal with respect to all four complaints as untimely filed (Appeal No. 01952467). Holley received notice of the EEOC's dismissal, as well as notice of her "right to sue" in federal court, on July 21, 1995. On July 28, 1995, Holley filed a request with the EEOC for reconsideration of its dismissal of the appeal.

On November 10, 1997, before the EEOC ruled on her pending request for reconsideration, Holley commenced this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. S 2000e-16, by filing a pro se complaint in the district court. Holley attached to her complaint a copy of the EEOC's decision dismissing her appeals as untimely filed. On November 13, 1997, three days after Holley filed her complaint in the district court, the EEOC issued a decision granting in part Holley's request for reconsideration. The EEOC found that, although three of her appeals were properly dismissed as untimelyfiled, her appeal with respect to the decision in Agency No. 92-2091 was timely. The EEOC ruled upon the merits of that appeal on reconsideration, and decided adversely to Holley.

By order entered December 29, 1997, before service of Holley's complaint upon the defendant, the District Court dismissed the complaint sua sponte as time-barred. The court noted that a Title VII action must be commenced within 90 days of the date on which the plaintiff received notice that the EEOC dismissed the appeal. The court found that "plaintiff filed the present action approximately 27 months after receipt of the EEOC's decision and Notice

_____

2. Holley's complaints are not part of the record on appeal, and this recitation of the issues that she presented was gleaned from other documents in the record. It is unclear on the present record whether additional claims were presented in the complaints at issue.

3

of Right to Sue. Her Complaint is long time-barred and must be dismissed."

Holley timely filed this appeal. We have jurisdiction pursuant to 28 U.S.C. S 1291. Our review is plenary. See Robinson v. Dalton, 107 F.3d 1018, 1020-22 (3d Cir. 1997).

II.

The District Court made no mention of, and failed to consider, the effect that Holley's timely filed request for EEOC reconsideration had upon her time for filing her court action. Under the EEOC's regulations, a federal employee may file a civil action in federal court (1) within 90 days of receipt of the EEOC's "final decision" on the appeal, or (2) after 180 days from the date of filing an appeal with the EEOC if, at that time, the EEOC has yet to issue a "final decision." See 29 C.F.R. S 1614.408(c) & (d). A party to a federal employee's EEOC appeal has the right to file a request for reconsideration within 30 days of receipt of the EEOC's decision. See 29 C.F.R. S 1614.407(a).

When a reconsideration request is timely filed, the EEOC's decision on appeal becomes "final" only when that request is granted or denied. See 29 C.F.R.S 1614.405(b)(1) (providing that an EEOC decision on appeal is final unless "either party files a timely request for reconsideration pursuant to S 1614.407"); Robbins v. Bentsen, 41 F.3d 1195, 1198 (7th Cir. 1994) ("Decisions issued on[EEOC] appeals are considered `final decisions' within the meaning of S 1614.408 unless there is a motion for reconsideration."); Briggs v. Henderson, 11 F. Supp. 2d 727 (D. Conn. 1998) ("The Postal Service's request for reconsideration of the EEOC Decision, however, rendered the EEOC's action nonfinal."); Metsopulos v. Runyon, 918 F. Supp. 851, 861 (D.N.J. 1996) ("where reargument is timely requested, finality occurs when the request for reconsideration is granted or denied").

Thus, a straightforward reading of the applicable regulations leads to the conclusion that a federal employee's timely filed request for reconsideration tolls the 90-day deadline for filing suit in federal court. This conclusion accords with the holdings of the other courts of

4

appeals that have addressed the issue. See Belhomme v. Widnall, 127 F.3d 1214, 1216-17 (10th Cir. 1997) ("This circuit has held that a timely petition for reconsideration will toll the filing deadline for a suit in district court, but an untimely petition will have no tolling effect."); Rowe v. Sullivan, 967 F.2d 186, 190 (5th Cir. 1992) ("The filing of a timely request to reopen an EEOC decision tolls the statutory time limit."); Donaldson v. Tennessee Valley Auth., 759 F.2d 535 (6th Cir. 1985) (same); Nordell v. Heckler, 749 F.2d 47 (D.C. Cir. 1984) (same).

In its opinion in Metsopulos, the District Court noted that before the EEOC adopted the 1992 regulation, 29 C.F.R. S 1614.405(b)(1), the circuits had split on the question whether a request for reconsideration of an EEOC decision rendered the first decision non-final. See 918 F. Supp. at 861 n.5. With the 1992 regulation, the EEOC opted to follow the rule of the Sixth and D.C. Circuits in Donaldson and Nordell, and to reject that of the Ninth and Fourth Circuits in Mahroom v. Defense Language Institute, 732 F.2d 1439, 1440 (9th Cir. 1984)(denial of appeal by EEOC was final decision "unaltered by a request for reconsideration"), and Birch v. Lehman, 677 F.2d 1006 (4th Cir. 1982)(same). The latter two cases were decided before the promulgation of the new regulation. See Williams v. Brown, 1997 WL 88376, at * 2 (N.D. Cal., Feb. 18, 1997) ("[T]he Ninth Circuit's decision in Mahroom has been called into question by the EEOC's adoption of 29 C.F.R. S 1614.405(b)(1) in 1992.").

Holley's complaint alleges, and the record reflects, that her request for reconsideration was timely filed, as it was within 30 days of her receipt of the EEOC's decision dismissing her appeal. Consequently, the 90-day limitations period on the filing of her suit in the district court was tolled. Belhomme, 127 F.3d at 1216-17; Rowe, 967 F.2d at 190. When Holley filed her complaint in the district court on November 10, 1997, the EEOC had yet to render a "final decision" on her appeal as her request for reconsideration was still pending. See 29 C.F.R. S 1614.405(b)(1) (decision on appeal is not "final" if party files timely request for reconsideration). Because she filed her complaint more than 180 days after the date on which she filed her appeal

5

with the EEOC, and because she filed suit before the EEOC rendered its "final decision" by ruling on her reconsideration request, her complaint was timelyfiled.

Our decision in McCray v. Corry Mfg. Co., 61 F.3d 224 (3d Cir. 1995), does not compel a contrary decision. In McCray, the issue presented was whether a timely request for EEOC reconsideration filed by a private-sector employee tolled her time to file an ADEA complaint in the district court. We held that it did not. Id. at 229 ("[W]e hold that merely requesting reconsideration of an EEOC Determination does not toll the ninety day statute of limitations controlling the filing of a civil action."). We noted that there is no federal regulation governing a private-sector employee's request for EEOC reconsideration of an ADEA claim. See id. at 228. Accordingly, we focused on 29 C.F.R. S 1601.19(b), the regulation governing EEOC reconsideration of a "no cause" determination in Title VII and ADA cases filed by private-sector employees. For private-sector employees, a timely request for reconsideration only serves to toll the time tofile a Title VII or ADA suit in federal court if "the EEOC issues notice of its intent to reconsider within ninety days of the claimant's receipt of a no cause determination, the claimant has not filed suit yet and the claimant did not request and receive a notice of right to sue." Id. at 229.

Significantly, in McCray we did not consider the import of a federal employee's timely request for reconsideration, which is governed by a different set of federal regulations. Holley is a federal employee, and, as we explained above, under the regulations that govern suits by federal employees, her timely request for reconsideration tolled the 90-day period for filing suit in the district court.3

The fact that the EEOC granted in part Holley's request for reconsideration three days after she filed this action in the district court does not change the result. By the time the EEOC found that her appeal with respect to one of her four underlying complaints should not have been dismissed

_____

3. We note the difference in treatment in this connection between the regulations applicable to federal employees and those applicable to private sector claimants, but that is an issue for Congress or the EEOC.

as untimely filed, and ruled against her on the merits of that appeal, Holley's complaint had been timely filed.

In fact, under the regulations, once Holley filed her action the EEOC lost any authority to consider her request for reconsideration. See 29 C.F.R. S 1614.410 ([f]iling a civil action . . . shall terminate Commission processing of the appeal). Accordingly, the EEOC's subsequent ruling on Holley's reconsideration request had no effect. See Briggs, 11 F. Supp. 2d at 728 (finding that, under S 1614.410, "the filing of this civil action terminated the processing of plaintiff's appeal (including the . . . request for reconsideration)").4

We note that Holley's complaint invoked 42 U.S.C. S 2000e-5, the provision that applies generally to private-sector employers, under which her suit would be untimely, rather than S 2000e-16, the provision applicable to discrimination claims by federal employees. Because Holley is pursuing her action pro se, we have an obligation to read her pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). We apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name. See Small v. Lehman, 98 F.3d 762, 766 (3d Cir. 1996); Lewis v. Attorney General of United States, 878 F.2d 714, 722 n.20 (3d Cir. 1989). This is particularly true where, as here, the statutory citation appears in the preprinted portion of a form for discrimination complaints that appears to have been supplied by the Clerk of the District Court for the District of New Jersey. The substance of Holley's complaint is that her employer, a federal agency, engaged in discrimination. Accordingly, her complaint should be

_____

4. It has come to our attention that on July 16, 1998 this court issued a per curiam Opinion in No. 98-5051, affirming the District Court's dismissal of a different Title VII complaint that Holley had filed. The procedural facts there were indistinguishable from those in the present case, as the District Court had dismissed Holley's complaint sua sponte as untimely filed despite the fact that Holley noted in her complaint that she had filed a timely request for reconsideration with the EEOC. If Holley wishes to pursue those claims, she may file a motion to recall the mandate in 98-5051, which issued on September 9, 1998, within 60 days from the filing of this opinion.

7

governed by the rules pertaining to discrimination claims by federal employees.

III.

For the foregoing reasons, the judgment of the District Court will be reversed and the case remanded for proceedings consistent with this opinion.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit