

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-9-1995

# McCray v Corry

Precedential or Non-Precedential:

Docket 95-3004

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"McCray v Corry" (1995). *1995 Decisions.* Paper 212.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/212

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 95-3004

————

HELEN McCRAY,

<u>Appellant</u>

vs.

CORRY MANUFACTURING COMPANY

————

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 94-cv-00003E)

————

Submitted Under Third Circuit LAR 34.1(a)
June 26, 1995
Before:  MANSMANN, GREENBERG and SAROKIN, <u>Circuit</u> <u>Judges</u>.

(Filed  August 9, 1995)

————

Neal A. Sanders, Esquire
106 South Main Street
Suite 808, Eighth Floor
Butler, Pennsylvania 16001

   COUNSEL FOR APPELLANT

Roger H. Taft, Esquire
MacDonald, Illig, Jones & Britton
Suite 700, 100 State Street
Erie, Pennsylvania 16507

   COUNSEL FOR APPELLEE

————

OPINION OF THE COURT

————

MANSMANN,  <u>Circuit</u> <u>Judge</u>.

Helen McCray filed this action against her former employer, Corry Manufacturing Company, under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (West 1985). McCray contends that her request for the EEOC to reconsider its Determination of "no reasonable cause" to believe that Corry Manufacturing discriminated against McCray, accompanied by a Notice of Right to Sue, tolled the ninety day period for filing suit until the EEOC subsequently denied her request for reconsideration. We hold that the district court did not err in concluding that the mere filing of a request for reconsideration does not toll the ninety day period for filing an ADEA civil action, especially here where the EEOC's denial of McCray's request for reconsideration informed her that the original ninety day period governed the time for filing a civil action. Accordingly, we will affirm the judgment of the district court.

I.

On October 29, 1992, McCray filed a charge of age discrimination with the EEOC against Corry Manufacturing.[1] According to McCray, her supervisor harassed her by engaging in "hypervigilant supervision," interfering with McCray's incoming telephone calls, removing McCray's telephone line and by repeatedly issuing unwarranted warnings for misconduct. On

---

[1] McCray was born on November 23, 1934 and was employed by Corry Manufacturing from December 15, 1971 until January 9, 1992.

2

January 9, 1992, McCray was advised that her position as a production control secretary was being eliminated but was offered another position.  McCray declined the position and was laid off effective January 9, 1992.

After investigating McCray's claims, the EEOC issued its Determination on August 31, 1993, finding that there was no reasonable cause to believe that Corry discriminated against McCray on the basis of her age.  McCray does not dispute that she received the Determination in due course.

> The Determination contained the following information:
> This determination concludes the processing
> of the subject charge.  The Charging Party
> may pursue this matter by filing a private
> suit against the Respondent as set forth in
> the enclosed information sheet.

(A. 21)  The "enclosed information sheet" entitled "Filing Suit In Federal District Court," often called a Notice of Right to Sue, informed McCray of the time period for bringing suit as follows:

> <u>This determination becomes effective upon receipt.</u>  Some or all of Charging Party's allegations of illegal employment discrimination have been dismissed.  *If Charging Party wishes to pursue this matter(s), Charging Party must file a <u>private</u> lawsuit against the respondent named in the charge in U.S. District Court under the applicable statute(s), as set forth below. The determination letter and this notice will be the only notice of the Charging Party's right to sue by the Commission.*
>
> . . . .
>
> PRIVATE SUIT RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED (TITLE VII), THE AGE DISCRIMINATION IN EMPLOYMENT

3

> ACT OF 1967 (ADEA), AND THE AMERICAN WITH
> DISABILITIES ACT OF 1990 (ADA).
>
> <u>ADEA charges with a date of alleged violation
> of November 21, 1991 or later . . .</u>: Charging
> Party has 90 days from the effective date of
> this determination to file suit in court.
> Once this 90 day period is over, Charging
> Party's right to sue will be lost.

(A. 22) (emphasis in original). McCray concedes having received these instructions to file a civil action within ninety days of her receipt of the Determination and Notice of Right to Sue.

Less than thirty days later, by letter dated September 27, 1993, McCray requested that the EEOC reconsider its Determination. She provided additional facts regarding her employment with Corry Manufacturing from 1988 to 1992 and suggested that the EEOC visit the manufacturing facility rather than conduct telephone interviews. By letter dated October 7, 1993, the EEOC denied McCray's request for reconsideration.[2] In that letter, the EEOC informed McCray that most of the facts set forth in her request for reconsideration could not be considered

---

[2] On appeal, McCray also raises conduct of EEOC representatives regarding the reconsideration of her claim that arguably would permit her to invoke the theory of equitable tolling to bring her civil action within the ninety day limitations period. Specifically, she contends that the EEOC encouraged her to request reconsideration, that in November of 1993 the EEOC told her they would come to the Corry Manufacturing facility to pursue further action and that it was not until November 24, 1993 that she was told by the EEOC that her case was closed.

McCray, however, did not raise these allegations in the district court nor did she preserve them for appeal. Rather, she raised the equitable tolling theory for the first time in her Reply Brief before us. As such, we will grant Corry Manufacturing's pending Motion to Strike Reply Brief For Appellant in an order we will file separately.

4

by the EEOC because they were time-barred by the 300 day statute of limitations for filing charges of discrimination.  See 29 C.F.R. § 1626.7 (1993) (timeliness of ADEA charge).  More importantly, the EEOC informed McCray that:

> If you wish to continue to pursue your allegations, you have the right to file a civil law suit in the appropriate U.S. District Court in accordance with the instructions which were included in your original letter of determination.

(A. 25).  Those instructions for filing a civil lawsuit were contained within the Notice of Right to Sue that McCray acknowledges she received.  This subsequent letter was received less than forty days after the Notice of Right to Sue was issued.

Nonetheless, McCray did not file a Complaint in the United States District Court for the Western District of Pennsylvania until January 3, 1994, more than ninety days from the August 31, 1993 EEOC Determination and the Notice informing her to file suit within ninety days.  Specifically, McCray filed her Complaint 125 days after the issuance of the August 31, 1993 Determination and more than ninety days from her receipt of the Determination.  Corry Manufacturing moved for summary judgment on grounds that McCray failed to file her Complaint within ninety days of her receipt of the EEOC's August 31, 1993 Determination and Notice of Right to Sue.

By Memorandum Opinion and Order dated December 2, 1994, the district court granted Corry Manufacturing's motion for summary judgment, determining that McCray's claim was time-barred for her failure to file her Complaint within ninety days of her

5

receipt of the EEOC Determination and Notice of Right to Sue. See 29 U.S.C.A. § 626(e) (West Supp. 1995). McCray appeals, asserting that her request for reconsideration tolled the ninety day period that commenced with her receipt of the EEOC's determination; rather, the ninety days commenced from the EEOC's notice of its termination of the reconsideration proceedings.

The district court had jurisdiction pursuant to 29 U.S.C.A. § 626(c)(1)(2) (West 1985). Our jurisdiction is premised on 28 U.S.C.A. § 1291 (West 1993). We exercise plenary review over this question of law. Turner v. Schering–Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990).

## II.

The Age Discrimination in Employment Act was amended effective November 21, 1991 to include a ninety day rather than a two year statute of limitations for the filing of civil actions in federal court and to require that the EEOC notify the claimant that proceedings on his or her charge of discrimination were dismissed or otherwise terminated. See Civil Rights Act of 1991, Pub. L. No. 102–166, 105 Stat. 1079. See also H.R. Conference Rep. No. 101–856, 101st Cong., 2nd Sess. (October 12, 1990) (comments regarding amendments to Age Discrimination in Employment Act). The ADEA provides:

> If a charge filed with the Commission under this chapter is dismissed or the proceedings of the Commission are otherwise terminated by the Commission, the Commission shall notify the person aggrieved. A civil action may be brought under this section by a person defined in section 630(a) of this title

6

> against the respondent named in the charge
> within 90 days after the date of the receipt
> of such notice.

29 U.S.C.A. § 626(e) (West Supp. 1995); see Sperling v. Hoffman-LaRoche, Inc., 24 F.3d 463, 464 n.1 (3d Cir. 1994) (describing amendment to the ADEA statute of limitations).

It is undisputed that McCray received the EEOC's August 31, 1993 Determination and the Notice of Right to Sue in due course. As well, McCray admits that the initial Determination advised her that she must file a civil action within ninety days of her receipt of the Determination. The ninety day period for the filing of McCray's civil action therefore commenced on or about August 31, 1993 and ended on or about November 29, 1993. Thus, under the usual application of the statute, McCray's Complaint was untimely. We thus examine the effect, if any, on the ninety day statute of limitations of a claimant's request for reconsideration of the EEOC Determination when the request was made within the ninety day period following receipt of the Determination.

A.

McCray asserts that the ninety day period was tolled by her September 27, 1993 request for reconsideration to the EEOC. According to McCray, the final action of the EEOC for purposes of commencing the ninety day filing period would then be the EEOC's October 7, 1993 denial of her request for reconsideration -- when

7

the EEOC "otherwise terminated" its proceedings on McCray's charge.  See 29 U.S.C.A. § 626(e) (West Supp. 1995).

The EEOC's October 7, 1993 denial of reconsideration, however, does not supplant the August 31, 1993 Determination as the final agency action merely because the EEOC discussed the merits of McCray's charge in concluding that McCray had "not provided any new evidence that would change [its] finding."  As the Supreme Court stated:

> It is irrelevant that the [EEOC]'s order refusing reconsideration discussed the merits of the . . . claims at length.  Where the [EEOC]'s formal disposition is to deny reconsideration, and where it makes no alteration in the underlying order, we will not undertake an inquiry into whether reconsideration "in fact" occurred.  In a sense, of course, it always occurs, since one cannot intelligently rule upon a petition to reconsider without reflecting upon, among other things, whether clear error was shown.  It would hardly be sensible to say that the [EEOC] can genuinely deny reconsideration only when it gives the matter no thought; nor to say that the character of its action (as grant or denial) depends upon whether it chooses to disclose its reasoning.  Rather, it is the [EEOC]'s formal action, rather than its discussion, that is dispositive.

(Emphasis added.)  Interstate Commerce Commission v. Brotherhood of Locomotive Engineers et al., 482 U.S. 270, 280-81 (1987) (petitions for judicial review of Interstate Commerce Commission orders).  To hold otherwise would permit claimants to manipulate the ninety day filing period merely by requesting reconsideration to extend the limitations period.  See generally Locomotive Engineers, 482 U.S. at 281.  Such a result was not contemplated

8

by Congress given the imposition of the ninety day statute of limitations in the first instance nor is there any support in the EEOC Regulations for tolling the ninety day filing period when the only action is a claimant's request for reconsideration of the EEOC's Determination.

B.

We recognize the effect of the EEOC regulation governing the impact of reconsideration on the statute of limitations for filing Title VII and Americans with Disabilities Act ("ADA") civil actions:

> (b) The Commission may on its own initiative reconsider a final determination of no reasonable cause and an issuing director may, on his or her own initiative reconsider his or her final determination of no reasonable cause. If the Commission or an issuing director decides to reconsider a final no cause determination, a notice of intent to reconsider shall promptly issue to all parties to the charge. If such notice of intent to reconsider is issued within 90 days of receipt of the final no cause determination, and the person claiming to be aggrieved or the person on whose behalf a charge was filed has not filed suit and did not request and receive a notice of right to sue pursuant to § 1601.28(a)(1) or (2), the notice of intent to reconsider shall vacate the letter of determination and shall revoke the charging party's right to bring suit within 90 days. If the 90 day suit period has expired, the charging party has filed suit, or the charging party had requested a notice of right to sue pursuant to §1601.28(a)(1) or (2), the notice of intent to reconsider shall vacate the letter of determination, but shall not revoke the charging party's right to sue in 90 days. After reconsideration, the Commission or

9

issuing director shall issue a new determination. In those circumstances where the charging party's right to bring suit in 90 days was revoked, the determination shall include notice that a new 90 day suit period shall begin upon the charging party's receipt of the determination. Where a member of the Commission has filed a Commissioner charge, he or she shall abstain from making a determination in that case.

29 C.F.R. § 1601.19(b) (1993). There is no counterpart regulation governing reconsideration of claims under the ADEA.[3] See 29 C.F.R. §§ 1626 et seq. (1993). The EEOC amended section 1601.19(b) on March 7, 1991 to make the current Title VII procedural regulations applicable to both charges under Title VII and under the Americans with Disabilities Act of 1990, 42 U.S.C.A. 12101 et seq. See 56 Fed. Reg. 9623 (March 7, 1991).[4] However, there has not been any amendment to the ADEA regulations

---

[3] The dissent argues that it nevertheless is reasonable for an ADEA claimant to rely on the EEOC's acceptance of the claimant's request for reconsideration and processing of the request in concluding that the 90-day limitations period begins to run from the date of the denial of reconsideration. (Dissenting op. at 2). There is no impact on the 90-day limitations period, however, where the EEOC's "processing" constitutes nothing more than a review of the request for reconsideration in light of the evidence previously considered, ultimately resulting in the denial of the request for reconsideration. To interpret such "processing" as tolling the limitations period essentially permits a claimant's filing a request for reconsideration to start a new limitations period running; a proposition that the dissent agrees should not prevail in the absence of more than just the claimant's request. Id. This is especially true here where the EEOC's "processing" took only ten days from the date of McCray's request for reconsideration, leaving her with more than 50 days in which to file a civil action.

[4] These amendments were made pursuant to the statutory mandate within the ADA that incorporated the powers, remedies and procedures of Title VII set forth at 42 U.S.C.A. § 2000e-4 – 2000e-9. 56 Fed. Reg. 9623 (March 7, 1991).

10

to provide for a reconsideration provision nor has section 1601.19 been amended to include charges under the ADEA despite the amendments to the ADEA itself to conform the time limits for filing a civil action to those for Title VII and the imposition of the requirement that the EEOC issue notices of right to sue for ADEA claims.  In the absence of an indication that section 1601.19(b) is applicable to ADEA claims, we are compelled to decline to extend those reconsideration provisions to claims under the ADEA.

Even if we were to broaden the scope of section 1601.19(b) to include ADEA claims, it would be to no avail in saving McCray's claim from summary judgment.  Section 1601.19(b) revokes the charging party's right to bring suit only if the EEOC issues a notice of its intent to reconsider within ninety days of the claimant's receipt of a no cause determination, the claimant has not filed suit yet and the claimant did not request and receive a notice of right to sue pursuant to 29 C.F.R. §§1601.28(a)(1) or (2).[5]  See 29 C.F.R. § 1601.19(b).  See also

---

[5]        Section 1601.28(a)(1) and (2) provide:

>       (a) Issuance of notice of right to sue upon request.

>       (1) When a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued and the charge to which the request relates is filed against a respondent other than a government, governmental agency or political subdivision, the Commission shall promptly issue such notice as described in s 1601.28(e) to all parties, at any time after the expiration of one hundred eighty (180) days from the date of filing of the charge with the Commission,

11

<u>Lute v. Singer Co.</u>, 678 F.2d 844, 846 (9th Cir. 1982) (construing pre-regulation EEOC reconsideration of a Title VII complaint and rescission of a previously issued right to sue notice).  Here, although McCray requested reconsideration within the ninety day filing period, the EEOC never issued a notice of intent to reconsider that would revoke McCray's right to bring suit pursuant to the Notice of Right to Sue issued on August 31, 1993.  More importantly, McCray was notified by the EEOC in its October 7, 1993 denial of her request for reconsideration that the August 31, 1993 Right to Sue Notice was controlling for the filing of a civil action.  We find no basis, equitable[6] or otherwise, to

_____

or in the case of a Commissioner charge 180 days after the filing of the charge or 180 days after the expiration of any period of reference under section 706(d) of Title VII as appropriate.

(2) When a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued, and the charge to which the request relates is filed against a respondent other than a government, governmental agency or political subdivision, the Commission may issue such notice as described in s 1601.28(e) with copies to all parties, at any time prior to the expiration of 180 days from the date of filing the charge with the Commission; provided, that the District Director . . . has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written certificate to that effect.

29 C.F.R. § 1601.28 (1994).

[6]    <u>See</u> <u>supra</u> n.1 at 4 discussing the inapplicability of equitable tolling to save McCray's claim from dismissal.

disturb the district court's judgment that McCray's Complaint was untimely.

III.

Accordingly, because we hold that merely requesting reconsideration of an EEOC Determination does not toll the ninety day statute of limitations controlling the filing of a civil action, we will affirm the judgment of the district court.

Helen McCray v. Corry Manufacturing Company, No. 95-3004.

SAROKIN, Circuit Judge, dissenting.

Because I believe that plaintiff timely filed an age discrimination suit federal court, I respectfully dissent. Plaintiff in this case has diligently pursue claims against her employer.  She timely filed her age discrimination charge with t applicable agency, the EEOC.  When the EEOC dismissed the charges 10 months later, plaintiff wrote a letter requesting that the EEOC reconsider its decision.  The EEO accepted plaintiff's request for reconsideration, considered whether she had presen evidence of age discrimination, and finally denied the request.  The entire reconsideration stage occurred within plaintiff's initial 90-day limitations period filing suit in federal court.  Importantly, plaintiff was not represented by counse any of the proceedings before the agency.

Plaintiff concluded that a new limitations period for filing claims in fe court began running from the date of the letter denying the request for reconsidera Although the ADEA and its accompanying regulations do not expressly provide for reconsideration of the EEOC's decisions, plaintiff reasonably relied on the actions EEOC in accepting and finally denying her request for reconsideration.  The equitie this case favor allowing plaintiff the benefit of a new limitations period which be running as soon as the agency denied the request for reconsideration.

Importantly, I agree with the majority and do not suggest that an ADEA claimant's filing of a request for reconsideration without more starts a new limita period running.  Because the current ADEA regulations do not provide for reconsider a claimant cannot unilaterally extend the period for instituting suit, merely by fi request for reconsideration.  However, if the EEOC accepts the ADEA claimant's requ processes it, then it is reasonable for the claimant to rely upon the action taken

15

concluding that the 90-day limitations period begins running from the date of the [c]

of reconsideration, and that she is not required to start suit earlier.

The following statutory argument provides additional support for the conc

that the EEOC's reconsideration of plaintiff's claim extended the time for filing s

federal court.  Section 626(e) of the ADEA provides that the person aggrieved shall

notified if the charge is dismissed or if "the proceedings of the Commission are ot

terminated by the Commission."  29 U.S.C.A. § 626(e) (West Supp. 1995).  This secti

further provides that: "A civil action may be brought . . . within 90 days after th

of the receipt of such notice." Id.  By denying plaintiff's request for reconsidera

the instant case, the EEOC has "otherwise terminated" the proceedings.  Therefore,

on the express language of the statute, the 90-day limitations period began running

plaintiff's receipt of the letter denying the request for reconsideration.

General administrative law and the rules governing the review of federal

decisions provide further support for the conclusion that the deadline for filing a

action should be extended until after the agency finishes processing a request for

reconsideration.  To illustrate, the Supreme Court in Civil Aeronautics Board v. De

Lines, Inc., 367 U.S. 316 (1961), referred to the general principle that an order f

administrative agency is not ready for judicial review until the agency disposes of

outstanding petitions for reconsideration. Id. at 326.  Similarly, the rules govern

review of federal court decisions provide that a timely request for reconsideration

automatically extends the time for filing a notice of appeal or a petition for writ

certiorari.  See Fed. R. App. P. 4(a)(4) (appeal from district court judgment); Uni

States v. Dieter, 429 U.S. 6, 8 (1976) (Supreme Court review).

Furthermore, I believe that the district court erroneously relied on a si

sentence in the EEOC's letter denying plaintiff's request for reconsideration.  See

McCray v. Corry Manufacturing Company, No. 94-3, slip op. at 6 (Dec. 2, 1994 W.D. [P]

The sentence states that plaintiff must file a civil action "in accordance with the

16

instructions which were included in [her] original letter of determination." App.
This sentence is not determinative of the question whether the limitations period b
anew after the EEOC has processed the request for reconsideration. This sentence c
reasonably be interpreted as merely referring the reader back to the original lette
determination which states that the applicable limitations period is 90 days and in
the reader regarding the filing of a private lawsuit.

For the foregoing reasons, I believe that plaintiff's complaint was timel
filed, and, therefore, I would reverse the district court's entry of summary judgme
favor of defendant.