Elinor **VOLLINGER**, Plaintiff,

v.

**MERRILL LYNCH & CO., INC.,** Defendant.

**No. 01 Civ. 3018(CBM).**

United States District Court, S.D. New York.

April 9, 2002.

Daniel E. Clifton, Lewis, Greenwald, Clifton & Nikolaidis, P.C., New York City, for Plaintiff.

Martin Edel, Miller & Wrubel P.C., New York City, for Defendant.

## MEMORANDUM OPINION AND ORDER

MOTLEY, District Judge.

## I. INTRODUCTION

Plaintiff Elinor Vollinger filed this action against her former employer, Merrill Lynch & Co., Inc., in April 2001, alleging discrimination and retaliation in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, and the New York State Human Rights Law (N.Y.SHRL), N.Y. Exec. Law § 290 *et seq.* In June 2001 Ms. Vollinger filed an amended complaint, dropping the NYSHRL claims, and adding claims under the New York City Human Rights Law (N.Y.CHRL), N.Y.C. Admin. Code § 8–101 *et seq.*

Now before the court is defendant's motion to dismiss the amended complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the plaintiff's claims are barred by relevant statutes of limitation. For the reasons stated in this opinion, defendant's motion will be granted. Plaintiff's ADEA claims will be dismissed with prejudice, and the court will decline to exercise jurisdiction over the pendent NYCHRL claims, dismissing them without prejudice.

## II. FACTUAL BACKGROUND

Plaintiff alleges that she was hired by defendant as an executive secretary in its Investment Banking Division in February 1984. Am. Compl. ¶ 6. When plaintiff's supervisor was transferred to another department in May 1991, defendant allegedly began to treat plaintiff differently and significantly worse than younger secretaries in her division, despite the fact that she had a record of outstanding performance appraisals. *Id.* ¶¶ 7, 8. Specifically, plaintiff alleges that she was not permitted to transfer with her supervisor, despite the fact that it was company policy to transfer secretaries with the managers for whom they worked, and further, that she was not given the same opportunity to transfer to other secretarial positions over the next two years despite the fact that other, younger secretaries were given such opportunities. *Id.* ¶¶ 9–11. Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC) on March 5, 1993. *Id.* ¶ 15. She was placed on probation on March 24, 1993, and on June 17, 1993, she was discharged. *Id.* ¶ 16.

### III. PROCEDURAL BACKGROUND

The procedural history subsequent to the filing of the EEOC charge on March 5, 1993, determines the outcome of the instant motion. Unless otherwise indicated, the following recitation of the procedural history is undisputed.

On March 5, 1993, plaintiff filed a charge of age discrimination with the EEOC. Am. Compl. ¶ 15; Clifton 8/21/01 Decl. Ex. A. Under the terms of a Worksharing Agreement between the EEOC and the New York State Division of Human Rights ("State Division"), the EEOC operates as an agent of the State Division for purposes of accepting charges of discrimination. *Id.* Ex. S.

On March 24, 1993, plaintiff was placed on probation by defendant, and on June 17, 1993, she was discharged. Am. Compl. ¶ 16.

Almost one year later, on June 13, 1994, plaintiff filed a second complaint with the State Division against defendant, alleging retaliation for having filed the initial March 5, 1993, age discrimination complaint. Clifton 8/21/01 Decl. Ex. B. Plaintiff alleged in this complaint filed with the State Division that defendant had violated "Article 15 of the New York Executive Law," i.e., the NYSHRL, but plaintiff did not allege violations of the New York City Administrative Code, i.e., the NYCHRL. *Id.*

On January 29, 1996, the State Division issued two Determinations and Orders in connection with the March 5, 1993, discrimination complaint and the June 13, 1994, retaliation complaint. *Id.* Exs. C, D. In both cases, the State Division found no probable cause that defendant had discriminated or retaliated against plaintiff. *Id.*

On February 15, 1996, plaintiff's attorney requested reconsideration of the two Determinations. *Id.* Ex. E. A copy of that request was served on defendant, and on March 15, 1996, defendant responded to the State Division, opposing the request for reconsideration. *Id.* Ex. F.

On April 25, 1996, the State Division issued an Order Granting Reopening, stating that "further investigation" was necessary. *Id.* Ex. G.

On September 20, 1996, the EEOC District Director issued his own Determination in which he wrote, "having examined the [State Division's] findings and the record presented, I conclude that the evidence obtained during the investigation does not establish violations of the statutes." *Id.* Ex. I. This Determination included a notice of plaintiff's right to sue, informing her that if she wished to bring a lawsuit against defendant, it must be brought "within 2 years of the date of alleged discrimination and within 90 days of receipt of this letter, *whichever is earlier*, in order to assure the right to sue." *Id.* (original emphasis).

On October 2, 1996, plaintiff advised the EEOC by letter that the State Division had reopened its investigation and requested that the EEOC's Determination be withdrawn pending completion of the State Division investigation. *Id.* Ex. J. Plaintiff claims that defendant was served with a copy of the request, and that defendant did not object. 10/11/01 Hearing Tr. at 31.

Almost one year later, on August 14, 1997, the EEOC sent a letter to the parties, advising them that the September 20, 1996, Determination had been "rescind[ed]." Clifton 8/21/01 Decl. Ex. K. The notification states: "Due to an Administrative error A Letter of Determination dated September 20, 1996 was sent to the above mentioned parties. We are rescinding this determination because the matter

is pending with the [State Division]." *Id.* There is no indication that defendant objected to this "rescinding."

On June 24, 1998, the State Division issued two Determinations and Orders After Reopening which found probable cause that defendant had discriminated and retaliated unlawfully against plaintiff. *Id.* Exs. L, M.

Over two years later, on December 22, 2000, plaintiff wrote to the State Division requesting that the cases be dismissed for administrative convenience. *Id.* Ex. N. On the same day she wrote to the EEOC requesting a right-to-sue notice. *Id.* Ex. O.

On January 12, 2001, the EEOC issued another right-to-sue notice, advising plaintiff that she would have to file an ADEA lawsuit within ninety days or her right to sue would be lost. *Id.* Ex. Q.

On February 15, 2001, the State Division issued a Dismissal of Complaint on the grounds of administrative convenience. *Id.* Ex. R.

On April 10, 2001 – within ninety days of January 12, 2001 – plaintiff commenced this action, alleging violations of the ADEA and the NYSHRL. On June 25, 2001, she filed an amended complaint, dropping the state law claims and adding claims under the NYCHRL.

Plaintiff concedes that she has been represented by counsel since the filing of her initial EEOC charge in March 1993. *See* 10/11/01 Hearing Tr. at 27.

Defendant filed the instant motion to dismiss on August 8, 2001, and following briefing by the parties, the court heart oral argument on defendant's motion on October 11, 2001. At that time the court ordered supplemental briefing, which has now been completed.

## IV. THE STANDARD FOR A MOTION TO DISMISS

 When passing on a motion to dismiss, the court must "assum[e] the truth of all factual allegations contained in the complaint and draw[ ] all inferences in the plaintiff's favor." *Boyd v. Nationwide Mut. Ins. Co.,* 208 F.3d 406, 409 (2d Cir. 2000); *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1174 (2d Cir.1993). Normally the court must limit itself "to a consideration of the facts that appear on the face of the complaint." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.,* 748 F.2d 774, 779 (2d Cir.1984). The general rule is that if material outside the pleadings is presented in response to a motion to dismiss, the court "must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under Fed.R.Civ.P. 56 and afford all parties the opportunity to present supporting material." *Friedl v. City of New York,* 210 F.3d 79, 85 (2d Cir.2000); *see* Fed. R.Civ.P. 12(b) ("If ... matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment....").

 There are some exceptions to this general rule, however. For example, when a defendant is "challenging the district court's subject matter jurisdiction, the court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." *Antares Aircraft, L.P. v. Fed. Republic of Nigeria,* 948 F.2d 90, 96 (2d Cir.1991), *vacated on other grounds,* 505 U.S. 1215, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992); *see also Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000). If a defendant's motion to dismiss is for failure to state a claim, in addition to the pleadings the court can consider any documents attached to the complaint as exhibits or incorporat-

ed into the complaint by reference. *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 662 (2d Cir.1996). In such cases, the court may also consider any documents upon which a plaintiff "solely relies" and which are "integral" to its claims. *Int'l Audiotext Network, Inc. v. AT&T*, 62 F.3d 69, 72 (2d Cir.1995); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir.1991) (holding that documents which plaintiffs had in possession and upon which they relied in bringing suit could be considered by court in ruling on motion to dismiss for failure to state a claim even though documents were not attached as exhibits to complaint or incorporated therein by reference).

■ The Second Circuit has recently clarified the types of "matters outside the pleadings" which can be considered on a Rule 12(b)(6) motion to dismiss. In *Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir.2002), the court highlighted the rationale behind the proscription on the submission of materials beyond the pleadings: preventing defendants from gaining an unfair advantage. "[G]enerally, the harm to the plaintiff when a court considers materials extraneous to the complaint is the lack of notice that the material may be considered." *Id.* at 153. At least one prior decision of the court had therefore implied (in dicta) that any documents in a plaintiff's possession could be considered on a Rule 12(b)(6) motion. *See Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir.1993). The court in *Chambers* rejected such a broad proposition. "Because this standard has been misinterpreted on occasion, we reiterate here that a plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Chambers*, 282 F.3d at 153 (original emphasis).

■ Currently at issue in the instant case is whether plaintiff timely filed this action within ninety days of receiving a right-to-sue notice from the EEOC. *See infra* Part V.A. Whether an ADEA lawsuit is timely filed is not a jurisdictional hurdle, but the inquiry is nevertheless integral to a plaintiff's claim. *See Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir.1984) ("While the 90–day rule is not a jurisdictional predicate, 'in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day.'") (quoting *Rice v. New England College*, 676 F.2d 9, 11 (1st Cir.1982)). As for the extraneous materials upon which the court relies in deciding the instant motion – and which form the foundation of the procedural history detailed in Part III above – all of the documents are either referenced in the complaint, mentioned in those already-referenced documents, or otherwise relied upon by the plaintiff in bringing this action. In fact, all of the documents were submitted *by the plaintiff* in order to defeat defendant's motion to dismiss. The court therefore need not – and will not – convert defendant's motion into one for summary judgment, despite defendant's recent suggestion that the court do so.[1]

## V. DISCUSSION

### A. The ADEA Claims

■ The ADEA makes it unlawful for an employer to "discharge any individual

---

1. In its post-oral argument supplemental briefing, defendant for the first time proposes the conversion of its motion from one of dismissal into one for summary judgment. *See* Def.'s Findings of Fact and Conclusions of Law at 6–7. In addition to being short on substance, defendant's request is untimely and procedurally improper. The motion will be considered as originally submitted–as a motion to dismiss.

or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA also prohibits discrimination against any employee who files an EEOC charge of age discrimination against his employer. *See id.* § 623(d). A plaintiff may commence an ADEA action in federal court: (*i*) as early as sixty days after filing a charge of discrimination with the EEOC, or (*ii*) as late as ninety days after receiving an EEOC right-to-sue notice. *See id.* § 626(d), (e).

Plaintiff filed her initial charge of age discrimination with the EEOC on March 5, 1993. *See* Clifton 8/21/01 Decl. Ex. A. That charge was supplemented by her EEOC charge of June 13, 1994, in which she alleged retaliation. *See id.* Ex. B. Plaintiff could have therefore commenced an ADEA action alleging discrimination and retaliation anytime after August 12, 1994 – i.e., sixty days after June 13, 1994. Plaintiff received her right-to-sue notice on both claims (discrimination and retaliation) on or about September 20, 1996. *See id.* Ex. I. The last date plaintiff could have filed suit was therefore December 19, 1996 – i.e., ninety days later. Plaintiff therefore had a window of opportunity of over two years in which to pursue her ADEA claims in federal court, from August 1994 to December 1996. Plaintiff did not avail herself of this opportunity. Her ADEA claims are therefore time-barred.

Plaintiff attempts to circumvent this rather straightforward analysis by pointing to the August 14, 1997, letter from the EEOC in which the EEOC purportedly "rescinded" its right-to-sue notice of September 20, 1996, because of an "administrative error." *See id.* Ex. K. Plaintiff argues that this letter – which plaintiff herself had specially requested – somehow dispensed with the requirement that she bring suit by December 1996. Plaintiff points to several cases in which courts have held that governmental agencies have inherent authority to undo what they have done or to reconsider their own decisions. *See, e.g., United Gas Improvement Co. v. Callery Properties,* 382 U.S. 223, 229, 86 S.Ct. 360, 15 L.Ed.2d 284 (1965) (holding that "[a]n agency, like a court, can undo what is wrongfully done by virtue of its order"); *Am. Trucking Ass'ns v. Frisco Trans. Co.,* 358 U.S. 133, 145, 79 S.Ct. 170, 3 L.Ed.2d 172 (1958) (same); *Alberta Gas Chemicals, Ltd., v. Celanese Corp.,* 650 F.2d 9, 12 (2d Cir.1981) (same); *Greene County Planning Bd. v. Fed. Power Comm'n,* 559 F.2d 1227, 1233 (2d Cir.1976) (same). Therefore, plaintiff argues, since the EEOC rescinded the right-to-sue notice of September 20, 1996, it is not controlling; rather, the right-to-sue notice subsequently issued on January 12, 2001, started the ninety-day clock. *See* Clifton 8/21/01 Decl. Ex. Q. If that were the case, then the instant suit, which was filed on April 10, 2001, would have been timely commenced.

Plaintiff's argument is unpersuasive. First, the court notes that EEOC regulations provide that after the EEOC has issued a right-to-sue letter, the EEOC may reconsider matters and toll the limitations period during reconsideration only in: (*i*) Title VII and ADA cases involving private litigants, and (*ii*) Title VII, ADA, and ADEA cases involving federal employees. *See* 29 C.F.R. §§ 1601.19(b), 1614.407 (2000). There is no regulatory authority for the EEOC to reconsider or toll the limitations period in ADEA claims against private employers, and, despite numerous amendments to the ADEA and its implementing regulations over the years, neither Congress nor the EEOC has seen fit to include such a provision.

Second, in *McCray v. Corry Manufacturing Co.*, 61 F.3d 224 (3d Cir.1995), the appellate decision most directly on point, the Third Circuit affirmed the dismissal of a plaintiff's ADEA claims as time-barred, refusing to extend the reconsideration provisions of 29 C.F.R. § 1601.19(b) to private employers. In *McCray,* the EEOC had issued a determination finding "no reasonable cause" of discrimination and which provided plaintiff with her notice of right to sue. *Id.* at 225–26. The plaintiff then asked the EEOC to reconsider its determination, and the EEOC denied that request. *Id.* at 226. The plaintiff then filed an action in federal court more than ninety days after the EEOC issued its determination but less than ninety days after the EEOC denied reconsideration. *Id.* The defendant moved for summary judgment on the ground that the plaintiff failed to file within ninety days after receipt of the determination and notice of right to sue. The plaintiff argued that her request for reconsideration tolled the ninety-day period.

The appeals court affirmed the district court's grant of summary judgment to defendant, holding that (*i*) a request for reconsideration does not toll the ninety-day limitations period, and, in any event, (*ii*) the tolling provisions of 29 C.F.R. § 1601.19 do *not* apply to ADEA claims involving private litigants:

> "To hold otherwise would permit claimants to manipulate the ninety day filing period merely by requesting reconsideration to extend the limitations period.... Such a result was not contemplated by Congress given the imposition of the ninety day statute of limitations in the first instance nor is there any support in the EEOC Regulations for tolling the ninety day filing period when the only action is a claimant's request for reconsideration of the EEOC's determination."

*McCray,* 61 F.3d at 227–28. Therefore, assuming that plaintiff's letter of October 2, 1996, to the EEOC was a request for reconsideration, it did not toll the ninety-day limitations period.

Even if the provisions of 29 C.F.R. § 1601.19 could be broadened to include ADEA claims, plaintiff's ADEA claims would still be barred because the claims may be tolled "only if the EEOC issues a notice of its intent to reconsider within ninety days of the claimant's receipt of a no cause determination...." *McCray,* 61 F.3d at 228–29; *see also Gonzalez v. Fedex Co.,* No. 95 Civ. 3529, 1996 WL 346968, at *3 (S.D.N.Y. June 24, 1996) (citing *McCray* ) ("Plaintiff's request to the EEOC for reconsideration of his original claim does not toll the 90–day period for filing suit."). In the instant case, there is no allegation or indication that the EEOC issued a notice of intent to reconsider within ninety days of the date of the original right-to-sue notice, September 20, 1996. The procedural history only reflects plaintiff's *request* for reconsideration. Plaintiff's ADEA claims therefore became time-barred in December 1996. If plaintiff wished to preserve her ADEA claims, she should have filed suit before that time.

■ The court realizes that the ninety-day filing requirement is akin to a statute of limitations and is subject to waiver, equitable estoppel, and equitable tolling. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). However, the Supreme Court has cautioned that the ADEA time limitations must be strictly construed, and that the statutory period is "not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984); *see also Johnson,* 731 F.2d at 146

("[I]n the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day.").

■ The September 20, 1996, EEOC determination and notice of right to sue states that the EEOC's findings are based on the State Division's determinations of January 9, 1996. *See* Clifton 8/21/01 Decl. Ex. I. Plaintiff argues that since the State Division's determinations were subsequently "reopened" on April 25, 1996, *see id.* Ex. H, the EEOC erroneously relied on them in making its own determination. This reliance, according to plaintiff, somehow renders the EEOC's right-to-sue notice defective, thereby providing grounds for tolling the limitations period.

■ Plaintiff's argument is unpersuasive. "Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (footnotes and citations omitted). As one district court has explained, the ninety-day time limit can be tolled only for reasons such as "(1) the claimant received inadequate notice, (2) there is a pending motion for appointment of counsel, (3) the Court misled the plaintiff and as a result the plaintiff believed he had done everything required of him, or (4) the defendant engaged in affirmative misconduct, encouraging the plaintiff to take no action." *Rosquist v. NYU Med. Ctr.*, No. 97 Civ. 8566, 1998 WL 702295, at *5 (S.D.N.Y. Oct.7, 1998), *aff'd*, 199 F.3d 1323 (2d Cir.1999) (citing *Baldwin County*, 466 U.S. at 151, 104 S.Ct. 1723). None of these equitable exceptions apply in the instant case. Plaintiff admits that she received the September 20, 1996, right-to-sue notice which clearly stated that she must file a lawsuit within ninety days in order to preserve her claims; plaintiff therefore cannot claim inadequate notice. Plaintiff was represented from the beginning by counsel. Plaintiff has not claimed that she was affirmatively misled by the EEOC, the State Division, or this Court. Finally, there is no allegation that defendant encouraged or tricked plaintiff into taking no action. This is simply a case of a plaintiff failing to "exercise due diligence in preserving [her] legal rights." *Irwin*, 498 U.S. at 96, 111 S.Ct. 453. Plaintiff cannot therefore claim the benefit of equitable tolling.

In each of the cases cited by plaintiff in support of its claim for equitable tolling, either the administrative agency erred in a way that precluded the possibility of any subsequent lawsuit or the case is simply inapposite. For example, the plaintiff in *Harris v. City of New York*, 186 F.3d 243 (2d Cir.1999), alleged that an EEOC supervisor had told him that any filings he made would be deemed retroactive to the filing date of the earliest one. *Id.* at 248 n. 3. The plaintiff relied on the supervisor's (legally incorrect) representations and filed several claims out of time. The district court then dismissed the plaintiff's subsequent lawsuit as time-barred. *Id.* at 247. Reversing in part the district court, the Second Circuit stated that a litigant should not be penalized for the EEOC's "mistakes and *misinformation.*" *Id.* at 248 n.3 (emphasis added). In the instant case, however, there is no allegation that the plaintiff relied on misinformation provided by the EEOC. Even assuming that the EEOC made a "mistake" by relying on the State

Division's determination in making its own– a dubious proposition at best – that mistake in no way precluded plaintiff from filing suit in order to preserve her claims.

Another case cited by plaintiff is simply inapposite. The case *Ford v. Bernard Fineson Development Center*, 81 F.3d 304 (2d Cir.1996), is not about equitable tolling at all. It is about whether a worksharing agreement between the EEOC and the State Division can contain a self-executing waiver of a state agency's right to exclusively handle discrimination claims. *See id.* at 311. The other cases cited by plaintiff are equally unavailing.

In sum, there is no valid reason to extend the right-to-sue period beyond ninety days from the date of the first right-to-sue notice. Plaintiff's ADEA claims must therefore be dismissed as time-barred.

### B. The State Law Claims

In her amended complaint, plaintiff invokes this court's jurisdiction through 28 U.S.C. § 1331, the federal question statute. *See* Am. Compl. ¶ 2. She also alleges that "[t]he court has supplemental jurisdiction over the state causes of action." *Id.* Plaintiff's amended complaint, however, dropped the state law claims in favor claims under the New York City Administrative Code.

 In any event, whether her invocation of supplemental jurisdictional pertains to state or city law claims, the court will decline to exercise jurisdiction over any pendent state or city law claims that remain after the dismissal of her ADEA claims. *See Grace v. Rosenstock*, 228 F.3d 40, 55 (2d Cir.2000) ("Certainly, if the federal claims are dismissed before trial ... the state claims should be dismissed as well.") (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)); *Fay v. S. Colonie Cent. Sch. Dist.*, 802 F.2d 21, 34

(2d Cir.1986) (reversing district court's exercise of pendent jurisdiction as abuse of discretion where dismissal of federal claim was required and state law questions were unsettled).

Plaintiff's claims under the NYCHRL will therefore be dismissed without prejudice.

## VI. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the amended complaint must be and is hereby **GRANTED.** Plaintiff's ADEA claims are **DISMISSED WITH PREJUDICE.** Plaintiff's NYCHRL claims are **DISMISSED WITHOUT PREJUDICE.** The pretrial conference scheduled for Thursday, April 11, 2002, is canceled. The Clerk of Court is directed to close this case and remove it from the court's active docket.