**Restituto ESTACIO, Appellant**

v.

**POSTMASTER GENERAL OF the UNITED STATES.**

No. 08–1626.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Aug. 26, 2009.

Opinion filed Aug. 28, 2009.

Restituto Estacio, Cherry Hill, NJ, pro se.

Gerald B. Sullivan, Esq., Office of United States Attorney, Philadelphia, PA, for Postmaster General of the United States.

Before: FISHER, JORDAN and VAN ANTWERPEN, Circuit Judges.

OPINION

PER CURIAM.

Restituto Estacio appeals from the order of the United States District Court for the Eastern District of Pennsylvania granting summary judgment in favor of the defendant.[1] For essentially the reasons set forth by the District Court, we will affirm.

Because the parties are familiar with the history and facts of this case, we will recount the events in summary fashion. Estacio was born in the Philippines in 1934, and received his medical degree there in 1959. He came to the United States that same year and continued his medical training, completing several fellowships. After leaving private practice, Estacio was employed as a Medical Officer at the Philadelphia Naval Hospital from July 1979 until October 1984. Estacio thereafter took a position as Field Division Medical Officer at the Postal Service's Bellmawr, New Jersey, facility. As a result of downsizing, Estacio transferred to the Postal Service's medical unit at the Philadelphia Metropolitan District in the early 1990s. Estacio remained with the Postal Service until August 29, 1997, when he was removed from

---

1. Under 28 U.S.C. § 636(c), the parties consented to have the underlying proceedings conducted and final judgment entered by a Magistrate Judge.

service after having been found "mentally unable to meet the functional requirements of [his] position" by two physicians. He requested reinstatement on November 12, 2001. That request, however, was denied by the Postal Service's Human Resource Manager, Harvey White, in a letter dated November 15, 2001.

As set forth by the District Court, three sets of administrative complaints and appeals followed. The first involved Estacio's Equal Employment Opportunity (EEO) complaints which were filed on April 29, 1997 and May 14, 1997, alleging discrimination on the bases of race, color, physical and mental disabilities, and retaliation. An Administrative Judge ("AJ") issued a decision on June 7, 1999 finding no discrimination, and a Final Agency Decision was issued on June 29, 1999 concurring with the AJ's decision. Estacio waited until February 16, 2005 to file an appeal from that adverse determination. The EEOC thereafter dismissed the appeal as untimely in a decision issued on June 24, 2005.

Estacio's second challenge came in the form of an appeal to the Merit Systems Protection Board (MSPB) on December 4, 1997, challenging his removal. The MSPB dismissed the appeal as untimely, and the full Board denied review on November 13, 1998. A second appeal filed in March 2000 was determined to be barred by the doctrine of collateral estoppel. Once again, the full Board denied review. Estacio then filed an appeal in the United States Court of Appeals for the Federal Circuit, wherein he argued that the MSPB erred in concluding that he was "fully represented" in his previous appeal. In a decision issued on April 11, 2002, the Court of Appeals affirmed the Board's decision after concluding that Estacio indeed had a full and fair opportunity to litigate the question of whether he had good cause for the untimely filing of his appeal and, thus, that

the Board did not err in its collateral estoppel determination.

Estacio's attempt in February 2000 to challenge his removal with an EEO complaint fared no better. The Service issued a final agency decision in November of that same year, dismissing the complaint because of Estacio's failure to timely contact an EEO counselor after his removal. The EEOC Office of Federal Operations (EEOC/OFO) affirmed the dismissal of the complaint by decision dated July 24, 2001, and his request for reconsideration was denied in March 2002. In the meantime, the action Estacio had filed in federal court on November 30, 2000, was removed from civil suspense in July 2004 and ultimately dismissed without prejudice in November 2004.

Estacio's final course of action was a challenge to the denial of his November 2001 request for reinstatement by the filing of another EEO complaint. A final agency decision finding no discrimination or retaliation was issued by the Postal Service, and Estacio's timely appeal of that decision proved unsuccessful when the EEOC/OFO affirmed the agency's decision on April 25, 2006.

Estacio thereafter commenced the underlying District Court action, wherein he alleges "continuous discrimination retaliation" under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, the Age Discrimination in Employment Act, 29 U.S.C. § 633a, and the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.* In a Memorandum Opinion and Order entered on February 7, 2008, 2008 WL 356478, the District Court granted defendant's motion for summary judgment. Estacio appeals.

We have jurisdiction of this appeal under 28 U.S.C. § 1291, and exercise plenary review over the District Court's decision to grant summary judgment. *McGreevy v. Stroup,* 413 F.3d 359, 363 (3d Cir.2005).

Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A court reviewing a summary judgment motion must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Brewer v. Quaker State Oil Ref. Corp.,* 72 F.3d 326, 330 (3d Cir.1995). However, a party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.,* 409 F.3d 584, 594 (3d Cir.2005) (*quoting Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

Upon review of the record and for substantially the reasons set forth in the District Court's memorandum opinion, which we summarize below, we conclude that the District Court correctly granted the defendant's motion for summary judgment. We note that Estacio assigns no particular allegations of error to the District Court's decision (in fact, he offers no substantive argument whatsoever), and our own review has not revealed any.

■ As the District Court concluded, Estacio's claims related to the April and May 1997 EEO complaints were time barred given his failure to timely appeal to the EEOC or to challenge the final agency decision in federal court. *See* D. Ct. Mem. Op. at 11, *citing, inter alia,* 42 U.S.C. § 2000e–16(c); 29 U.S.C. § 794a(a)(1). *See also McCray v. Corry Mfg. Co.,* 61 F.3d 224, 227 (3d Cir.1995) (recognizing ADEA includes a ninety day statute of limitations for the filing of civil actions in federal court). Additionally, the District Court found that Estacio failed to present

any evidence creating a triable issue as to the applicability of equitable tolling.

■ The District Court likewise correctly found that Estacio's claims challenging his 1997 removal were barred because of his failure to timely exhaust the EEO process, to file his complaint in the District Court within 90 days of the EEOC's March 2002 reconsideration decision, or to demonstrate that equitable tolling was warranted. *See id.* at 13–14, *citing* 29 C.F.R. §§ 1614.105(a)(1) and 1614.407(c). *See also Seitzinger v. Reading Hosp. & Med. Ctr.,* 165 F.3d 236, 240 (3d Cir.1999) (equitable tolling may be warranted if plaintiff has "been prevented from filing in a timely manner due to sufficiently inequitable circumstances").

■ While Estacio properly exhausted the administrative process and timely filed suit with respect to his claims pertaining to the denial of his 2001 reinstatement request, we agree with the District Court's conclusion that his claims are nonetheless lacking in merit. More specifically, Estacio failed to present any direct or indirect evidence that the Postal Service's decision not to reinstate him was a result of discrimination. Accordingly, even under the burden-shifting analysis of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), Estacio's Title VII and ADEA claims of race and/or sex discrimination fail.

■ Estacio's disability discrimination claim likewise falters. *See id.* at 18, *citing Wagner v. Fair Acres Geriatric Center,* 49 F.3d 1002, 1009 (3d Cir.1995). As the District Court correctly noted, according to Estacio's own testimony, he was terminated for cause and was not capable of performing the essential functions of his position. Thus, he could not be considered a "qualified" individual for purposes of establishing a *prima facie* case under the

Rehabilitation Act for either disparate treatment or failure to reasonably accommodate a disability. *Id.* at 19, *citing Sarullo v. U.S. Postal Service,* 352 F.3d 789, 797–98 (3d Cir.2003), and *Mengine v. Runyon,* 114 F.3d 415, 418 (3d Cir.1997). Moreover, as the District Court concluded, even if Estacio were able to demonstrate a *prima facie* case of discrimination based on race, age or disability, he could not demonstrate that the Postal Service's stated nondiscriminatory reason for failing to reinstate him was a pretext. Estacio offered absolutely no evidence to support his claim that he was not reinstated in retaliation for his earlier EEOC activity rather than as a result of the Postal Service's policy of not reinstating employees terminated for cause. *Id.* at 25, *citing Sarullo,* 352 F.3d at 800–01. Thus, his claims could not survive summary judgment in any event.

Accordingly, given the foregoing, we affirm the District Court's entry of summary judgment in favor of defendant.