CLD-243                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1432
_____

PAUL CHULHIE KIM,
                                        Appellant

v.

INTERNAL REVENUE SERVICE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 13-cv-00363)
District Judge:  Honorable Edmund V. Ludwig

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
May 16, 2013
Before:  RENDELL, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 13, 2013)
_____

OPINION
_____

PER CURIAM

        Paul Chulhie Kim appeals pro se from the District Court's order dismissing his

complaint.  Because the appeal presents no substantial question, we will summarily

affirm the District Court's order.

I.

In 2013, Kim filed an employment discrimination complaint in the United States District Court for the Eastern District of Pennsylvania. In the complaint, Kim claimed that the Internal Revenue Service wrongfully failed to hire him twenty-four years ago when he attended a "job session" in Philadelphia in order to gain employment as a computer data entry clerk. Complaint, ¶ III.B-C. Kim claimed that, as a result of his unemployment, he has suffered various health ailments, including starvation, kidney failure, pneumonia, cancer, and mental illness. Id., ¶ III.C, IV. Kim sought $20,000,000 in monetary compensation to "restore [his] trust in the American people and restore confidence in [his] natural United States citizenship." Id., ¶ V. Kim also sought the appointment of counsel in the District Court.

On January 31, 2013, the District Court entered an order dismissing Kim's complaint for failure to state a claim without leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B). In its memorandum, the District Court noted that, while Kim appeared to be attempting to state a claim for employment discrimination under federal law, any claim of employment discrimination is barred by Kim's untimeliness in asserting his claim. Following the District Court's dismissal of his complaint, Kim timely appealed to this Court and seeks appointment of counsel on appeal.

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of the complaint under section 1915(e)(2)(B). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Pleadings and other

2

submissions by pro se litigants are subject to liberal construction, and we are required to accept the truth of Kim's well-pleaded allegations while drawing reasonable inferences in his favor. See Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011); Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam). However, a pro se complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Additionally, while affirmative defenses must be affirmatively pleaded, the District Court did not err in raising the untimeliness of the instant action sua sponte, as the defect was apparent from the face of the complaint. See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002). We may summarily affirm a judgment of the District Court on any basis supported by the record if the appeal does not raise a substantial question. See I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court correctly dismissed Kim's action against the IRS due to Kim's failure to timely exhaust his claim. As Kim's claim arose in Pennsylvania, Kim was required to file a complaint with the Equal Employment Opportunity Commission "within 300 days of the allegedly unlawful employment practice." See Mandel v. M & Q Packaging Corp., 706 F.3d 157, 165 (3d Cir. 2013) (citing 42 U.S.C. § 2000e–5(e)(1)). Kim did not file a complaint with the EEOC and, if he had, he would also been required to bring an employment discrimination claim in federal court within 90 days of receiving a right-to-sue letter from the EEOC. See 42 U.S.C. § 2000e-16(c); McCray v. Corry

3

Mfg. Co., 61 F.3d 224, 227 (3d Cir. 1995). As Kim had not filed a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice, but rather waited 24 years to assert his claim in the District Court, the instant action is clearly untimely, which warranted the dismissal of his complaint. See, e.g., Francis v. Mineta, 505 F.3d 266, 268, 272 (3d Cir. 2007); see also 42 U.S.C. § 2000e–5(e)(1).[1]

We have held that a district court should not dismiss a pro se complaint without allowing the plaintiff leave to amend unless amendment would be inequitable or futile. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). As Kim delayed bringing this action for 24 years, well outside the applicable time limitations, the District Court appropriately determined that further amendment would be futile.

Accordingly, this appeal presents us with no substantial question, and we will summarily affirm the District Court's order. See 3rd Cir. LAR 27.4 and I.O.P. 10.6. Kim's motions for appointment of counsel are denied. See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).

---

[1] The District Court also correctly explained that the applicable statute of limitations was not equitably tolled, as Kim acknowledged that he was aware of the facts underlying his claim for more than 20 years, and actively sought an attorney at that time to prosecute his claim, but ultimately did not bring any action before the EEOC or the federal courts until the instant action. Complaint, ¶ V; Ruehl v. Viacom, Inc., 500 F.3d 375, 383-84 (3d Cir. 2007).